## Scott, Appellant, *v.* C. E. Powell Coal Company.

Argued September 30, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Fremont J. McKenrick,* with him *McKenrick and McKenrick,* for appellant.

*Robert W. Smith, Jr.,* with him *Smith, Best and Horn,* for appellee.

74

OPINION BY MR. JUSTICE COHEN, December 1, 1960:

This is an appeal from the order of the Court of Common Pleas of Cambria County sustaining appellee's preliminary objections and dismissing appellant's complaint.

On October 4, 1956, Sherman George Scott, Jr., the plaintiff-appellant, who was employed as a laborer by the C. E. Powell Coal Company, defendant-appellee, was struck on the back of his head by a rock after he had set off a blast of dynamite in appellee's open pit mine. As a result, appellant's skull was fractured and his senses of taste and smell were destroyed. Appellant received workmen's compensation payments for eight weeks of total disability until he was able to return to work.

The complaint in trespass claims damages for appellant's resultant permanent loss of the senses of taste and smell, but does not include any claim for medical expenses or loss of earnings. Appellee filed preliminary objections asserting that appellant's exclusive remedy for his accidental injury was to proceed under the provisions of the Workmen's Compensation Act of June 2, 1915, P. L. 736, Article III, Section 301a, as amended, 77 PS §431. The court below sustained the objections and dismissed the complaint. This appeal followed.

In his statement of the question involved, appellant asks us to determine whether an employee who, while in the course of his employment suffers an accident resulting in the permanent loss of the senses of taste and smell, and for which loss no compensation is payable under the Workmen's Compensation Act, can recover from his employer for said loss in an action of trespass based on his employer's negligence? This statement of the question involved is patently incorrect, for it requires us to assume that under the Workmen's

Compensation Act no compensation is payable for the resultant permanent loss of the senses of taste and smell. The permanent loss of the senses of taste and smell resulting from an accident while in the course of employment would be a permanent partial disability and compensable under Section 306(b) of the Workmen's Compensation Act.

Prior to the amendment of the Act in 1939, a resulting permanent partial disability such as appellant's loss would have been compensated under the Workmen's Compensation Act as a loss of "earning power." From 1915 to 1939 "earning power" was determined not only by taking into account the actual amount of wages an employee received following an injury, but also by considering the other elements affecting his earning power. These include the character and extent of his physical injury or disability; his productivity or efficiency in the same employment as compared to what it was immediately prior to the injury; and his ability to earn wages in *any* kind of employment for which he was fitted. The earnings of a claimant after an accident, as compared with his former earnings, were but evidence of a change of earning power and were not conclusive of the matter. *Weinstock v. United Cigar Stores Co.*, 137 Pa. Superior Ct. 128, 8 A. 2d 799 (1939). Hence, before 1939 a loss of the senses of taste and smell would have been compensable in accordance with the above enunciated rule.

Compensation for injuries occurring after 1939 and resulting in the permanent partial disability of an employee is now provided for in the Act of 1939. That Act provides: "The term 'earning power' as used in this section [306b] shall in no case be less than the weekly amount which the employee receives after the accident." Thus, a claimant who has suffered a permanent partial disability, such as the loss of the senses

of taste and smell, or the loss of the use of any functional part of the body, as a result of an accident suffered in the course of his employment, may still recover for that loss under the Workmen's Compensation Act, but he cannot receive an award if his earnings are equal to or in excess of his weekly earnings before the accident. An employee who receives $100 a week before an accident, loses his senses of taste and smell as the result of the accident, and receives $100 a week after the accident has not suffered, under the provisions of the Act of 1939, a loss of earning power and therefore cannot receive compensation beyond that which he received in lieu of wages when he was actually unable to work.

There is no doubt that the application of this definition of earning power during the inflationary period which we have experienced since 1939 has been harsh and inequitable. Innumerable employees undoubtedly have suffered permanent partial disabilities which prevented increased earnings and deprived them of the opportunity of securing more lucrative employment, but which did not result in an immediate "actual" loss of wages. The harshness of the rule, however, does not permit us to alter it, nor does it permit us to allow an action in trespass as advocated by appellant.

Appellant contends that, since the loss of the senses of taste and smell is not among the enumerated specific losses which are compensable under Section 306(c) of the Act irrespective of the claimant's actual disability or incapacity to labor, and since the impairment is not compensable in his case under 306(b) as a "loss of earnings," he has not surrendered or waived his rights to bring a suit in trespass because of such injury.

It is apparent that appellant's position is untenable. There could be no question whatever if the ap-

pellant in the course of his employment sustained an accidental injury which resulted in the loss of taste and smell, and if that injury, as a result thereof, disabled him in the performance of the duties of his regular occupation with a resulting diminution in wages, that he would be entitled to compensation.

For example, if we should assume that an employee's occupation was that of a wine taster, or that his duties required him to blend tobaccos; in other words, if the duties of his occupation require the use of his senses of taste or smell, and an accidental injury deprived him of those senses, then, necessarily, he is disabled for the performance of the duties of his occupation, and he would be entitled to compensation under the Act for such disability as reflected in his earnings.

If we were to adopt the appellant's argument it would be necessary to establish two standards for those employees, all parties to the same workmen's compensation agreement, who lose their senses of taste and smell as a result of accidental injuries. The injured worker whose salary was diminished as a result of the loss of his senses of taste and smell would be limited to recovery under the provisions of the Workmen's Compensation Act, whereas the injured employee, whose loss of the senses of taste and smell in no way impairs his earning capacity, would be permitted to bring an action for trespass against his negligent employer. We do not intend to create such an anomalous situation by allowing a suit in trespass in this case.

We have ruled that when an employee sustains injuries which bring him within the provisions of the Workmen's Compensation Act, the question as to what amount he is compensated depends on the provisions of the Act, and if that measure yields him nothing, the

assumption is that he is nevertheless satisfied with his agreement. See *Moffett v. Harbison-Walker Refractories Company*, 339 Pa. 112, 14 A. 2d 111 (1940).

We did permit an action in trespass by an employee who alleged that his employer's negligence caused him to acquire an occupational disease. However, recovery was allowed in that case only because prior to the enactment of the Occupational Disease Act in 1937, diseases arising from employment were not covered by the Workmen's Compensation Act since they were not caused by an "accident." *Billo v. Allegheny Steel Co.*, 328 Pa. 97, 195 Atl. 110 (1937). Thus, there could have been no recovery under the provisions of the Workmen's Compensation Act for the disease regardless of whether the disability affected earning ability.

Order affirmed.

Mr. Justice MUSMANNO dissents.