## Perez *v.* Blumenthal Brothers Chocolate Company, Appellant.

Argued November 24, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Frederick W. Anton, III,* with him *Paul H. Ferguson,* for appellant.

*Joseph Matusow,* with him *Irving Marks,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 9, 1968:

Appellee commenced an action of trespass against appellant, his employer, alleging that appellant had violated its duty to protect the health and safety of appellee, its employee. Specifically, appellee alleged that he was exposed to heavy dust produced in a grinding operation, and that this, together with injurious fumes caused by the high temperatures associated with appellant's operation, caused him an aggravation of a latent tubercular condition and a preexisting pulmonary emphysema and severe bronchitis.

The case was heard in a nonjury trial resulting in a verdict for appellee. The trial judge found that appellee's condition was caused or aggravated by a con-

tinued exposure to a heavy concentration of dust and excessive heat in his employment with appellant. Appellant's exceptions to the findings and verdict of the trial judge were heard and dismissed. This appeal followed the entry of judgment on the verdict of the trial judge.

Appellant asserts in this appeal that appellee's action is barred by The Pennsylvania Occupational Disease Act,[1] and that the finding of the trial judge that appellee's emphysema was caused by any condition existing in appellant's plant was not supported by competent medical evidence. We disagree with appellant on both counts.

One is tempted to dismiss appellant's argument relative to The Pennsylvania Occupational Disease Act out of hand, inasmuch as appellee, prior to the filing of the instant action of trespass had filed a claim under the Act, which claim was resisted by appellant on the ground that emphysema is not an occupational disease. Appellant ought not to be permitted to have it both ways. Be that as it may, however, the Act itself makes clear that it is not a bar to the trespass action. The Act enumerates occupational diseases in §108, 77 P.S. §1208. The specifically enumerated diseases have no relevancy here, but subsection (n) added to the section in 1956 is relied upon by appellant in support of its contention that the Act provides appellee's exclusive remedy. That section states: "(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population. . . ." We are in agreement with the court below that the General Assembly intended to bring within the purview of the Act

---

[1] Act of June 21, 1939, P. L. 566, as amended, 77 P.S. §1201 et seq.

all diseases not specifically enumerated which meet the standards set forth in subsection (n). In view of the fact that appellee offered competent medical testimony that pulmonary emphysema is not "peculiar to the industry" of chocolate manufacturing and is "common to the general population", we conclude, as did the court below, that appellee's condition is not covered by the Act. See *Porter v. Sterling Supply Corp.*, 203 Pa. Superior Ct. 138, 199 A. 2d 525 (1964).

We are also in agreement with the court below that a causal connection between the hazard to which appellee was exposed and the pulmonary condition which he contracted was amply established by competent medical evidence. Appellant contends that the expert medical testimony was not sufficiently certain to establish that connection. This contention can only be based upon the reading out of context of very limited portions of the testimony of the two physicians who testified, one of whom had been appellee's attending physician for a number of years. A fair and careful reading of the testimony of these physicians indicates clearly that both of them testified with a sufficient degree of medical certainty to establish the requisite causal connection. One physician, Dr. Brieger, in cross-examination, significantly testified as follows: "Q. And isn't it true that there is very little way of knowing whether this process would have gone on exactly as it did, Doctor, with or without exposure to the conditions at the Blumenthal Chocolate Company that Mr. Perez has testified to? A. This is exactly what I do not believe, sir. I do believe that the process would not have developed as rapidly and as badly without the additional irritating effects of the dust, the inhaled dust, that caused chronic irritation of the bronchi."

There are many portions of the expert medical testimony which the trier of fact was entitled to rely up-

on in establishing causation; we find it unnecessary to review this evidence. Any inconsistencies in the expert testimony affected the weight of that testimony and not its competency. The trial judge who heard the witnesses had before him sufficient evidence to find as he did.

Judgment affirmed.