Winston HARTWELL, Plaintiff,

v.

ALLIED CHEMICAL CORPORATION, parent corporation, and Industrial Chemical Company, a division of Allied Chemical Corporation, and Aloyco, Inc. formerly Alloy Steel Products Company, Defendants.

Civ. A. No. 70–925.

United States District Court,
W. D. Pennsylvania.

Dec. 17, 1970.

Kenneth J. Yablonski, Washington, Pa., for plaintiff.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for Allied Chem. Corp. and Industrial Chem. Co.

Egler, McGregor, & Reinstadtler, Pittsburgh, Pa., for Aloyco, Inc.

## OPINION

GOURLEY, District Judge:

This is a negligence action in which plaintiff seeks to recover damages for injuries resulting from an accident occurring in the course of his employment. Defendants are Industrial Chemical Company, alleged to be plaintiff's immediate employer, Allied Chemical Corporation, alleged to be a parent of the former Corporation and an employer of plaintiff by virtue of the parent-subsidiary relationship, and Aloyco, Inc., alleged to be the manufacturer of a certain valve installed in the plant where plaintiff was employed. The Complaint invokes the diversity jurisdiction of the Court.

Defendants Industrial Chemical Company and Allied Chemical Corporation have filed a Motion to Dismiss, wherein it is asserted that the Workmen's Compensation Act of the Commonwealth of Pennsylvania bars the instant common law action against them. Plaintiff alleges that, at all relevant times, he was an employee of both defendants. He does not contend that either are not employers within the meaning of the Workmen's Compensation Act. Accordingly, for purposes of the instant Motion, the aforementioned defendants together will be referred to as plaintiff's employers.

At oral argument upon the Motion, counsel for the respective parties agreed to file a written Stipulation as to certain facts not appearing in the Complaint but upon which there is no disagreement. The Stipulation has been filed. The Court relies in this determination upon both the Stipulation and the Complaint filed herein, and, accordingly, the Motion will be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as is required by Rule 12(b). Upon review of the Complaint, Stipulation, agreements of counsel and the law applicable herein, the Court is of the opinion that the Motion must be granted.

The facts are these. On August 9, 1968, plaintiff suffered an accident while in the course of his employment at defendant-employers' plant. He sustained substantial injuries which allegedly included, inter alia, contusions and abrasions over his entire body, an injury to the spine, and extensive scars and disfigurement of his arms, back, abdomen, hip, leg and foot. As a result of these injuries, plaintiff was hospitalized and rendered totally disabled for an undesignated length of time. He has now returned to work.

At some time subsequent to his injury, plaintiff entered into an agreement with The Travelers Insurance Company, defendant-employers' workmen's compensation insurance carrier, pursuant to which the insurer paid various hospital and medical expenses incident to the care and treatment of plaintiff's injuries and also disability benefits for the period of plaintiff's temporary total disability. In addition to the benefits which heretofore have been paid by the insurer, plaintiff has sought compensation for the disfiguring scars on his body. After a hearing, Pennsylvania Workmen's Compensation Referee Albert S. Diaz disallowed the claim for additional benefits. Plaintiff's appeal to the Pennsylvania Workmen's Compensation Board from the decision of the Referee is currently pending. Plaintiff also has instituted the instant action.

There is no question that plaintiff has accepted the provisions of the Pennsylvania Workmen's Compensation Act, June 2, 1915, P.L. 736, as amended, 77 P.S. § 1 et seq. Section 302(a) of the Act, 77 P.S. § 461, provides that "In every contract of hiring * * * expressed or implied * * * it shall be conclusively presumed that the parties have accepted the provisions" of the Act unless written notice is given to the contrary. Plaintiff has not given such notice. Moreover, he has indicated his acceptance of the Act by accepting compensation under it for the accident in question.

The Act provides that the remedies under it are exclusive of all common law

actions. Hyzy v. Pittsburgh Coal Co., 384 Pa. 316, 121 A.2d 85 (1956). Section 303 of the Act, 77 P.S. § 481, provides that acceptance of the Act "shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act." In accepting the Act, an employee gains a right which he did not have at common law but surrenders another. He acquires a right to compensation for an occupational injury regardless of whether the injury is caused by his employer's negligence, but, in return, he yields his right to sue his employer in a common law action for negligence.

■ However, an employee is barred from suing his employer only with respect to "injuries which bring him within the provisions of the Workmen's Compensation Act." Scott v. C. E. Powell Coal Co., 402 Pa. 73, 77, 166 A.2d 31, 34 (1960). Plaintiff contends that bodily disfigurement, as distinguished from disfigurement of the face and neck, is not an injury within the provisions of the Act and, therefore, may be the subject of a common law action in tort against plaintiff's employer. In so asserting, plaintiff relies upon Section 306(c) and (d) of the Act, 77 P.S. § 513, which affords a fixed amount of compensation for certain enumerated specific losses including "serious and permanent disfigurement of the head, or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment."

Clearly, Section 306(c) and (d) of the Act affords plaintiff no compensation for the bodily scarring resulting from his accident. Nevertheless, it does not follow from this fact that the injury in question is beyond the provisions of the Act. Cf. Scott v. C. E. Powell Coal Co., supra, at 77, 166 A.2d 31; Billo v. Allegheny Steel Company, 328 Pa. 97, 103, 195 A. 110 (1937). The Act is broad in its coverage. In Section 1, 77 P.S. § 1,

the Act is made applicable to "all accidents," and in Section 301(a), 77 P.S. § 431, it is provided that, upon acceptance of the Act by an employer and an employee, "compensation for personal injury to, or for the death of such employee, by an accident, in the course of his employment, shall be paid in all cases by the employer, without regard to negligence, according to the schedule contained in sections three hundred and six and three hundred and seven of this article." By these provisions, the Pennsylvania Legislature intended to create a comprehensive statutory scheme encompassing *all* injuries arising out of accidents occurring within the course of employment.

■■ Similarly, it was the intention of the Pennsylvania Legislature that the Act would provide the sole and exclusive means of recovery for all such injuries. Section 303 of the Act, supra, expressly bars common law actions "for *any* injury or death occurring in the course of employment." As stated in Venezia v. Phila. Electric Co., 317 Pa. 557, 559, 177 A. 25, 26 (1935):

"If plaintiff was at the time of the accident an employee of defendant, then the Workmen's Compensation Act of June 2, 1915, P.L. 736 furnished the exclusive method of securing compensation for his injury, and an action in trespass would not lie. (Citations omitted.)"

Plaintiff's bodily scarring is admittedly an injury resulting from an accident within the course of his employment. Accordingly, it is an injury "within the provisions of the Workmen's Compensation Act," and plaintiff is barred by Section 303 of the Act, supra, from maintaining a common law action based thereon against his employer.

While Section 306(c) and (d) of the Act, supra, does not enumerate bodily disfigurement as a specific loss for which a claimant would be entitled to a fixed compensation thereunder, nevertheless, Pennsylvania courts might well find that such an injury constitutes a partial disability compensable under Section 306

(b) of the Act, 77 P.S. § 512, in an amount equal to the loss of earning power resulting therefrom. Instructive in this regard is the case of Scott v. C. E. Powell Coal Co., *supra,* where an employee sued his employer to recover damages for the permanent loss of his senses of taste and smell resulting from an accident occurring in the course of his employment. The employee already had received workmen's compensation payments for eight weeks of total disability until he was able to return to work. He asserted in the suit that, since the loss of the senses of taste and smell was not among the enumerated specific losses which are compensable under Section 306(c) and (d) of the Act, the Act did not bar his common law action to recover damages for this particular injury. However, the Supreme Court of Pennsylvania found that loss of the senses of taste and smell was a partial disability within the meaning of Section 306(b) of the Act, 77 P.S. § 512, and compensable thereunder to the extent of the loss of earning power resulting from the disability.

The plaintiff in the *Scott* case countered with the argument that no amount of compensation could be forthcoming under Section 306(b) since his loss of the senses of taste and smell had resulted in no loss of his earning power as a coal miner. The Court observed that such would not have been the case, however, had plaintiff been a winetaster. It then went on to say at 402 Pa. 77, 166 A.2d 34:

"We have ruled that when an employee sustains injuries which bring him within the provisions of the Workmen's Compensation Act, the question as to what amount he is compensated depends upon the provisions of the Act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied with his agreement."

Finding that the Act covered plaintiff's injury even though providing no monetary compensation for it absent a showing of loss of earning power resulting from the injury, the Court concluded that the plaintiff was barred by the Act from maintaining his common law action.

It may well be that the Pennsylvania courts would find that bodily disfigurement also constitutes a partial disability within the meaning of Section 306(b), *supra.* It would seem that, at least to an artist's model, professional diver or swimming instructor, such a disfigurement would be a partial disability and could result in a loss of earning power for which Section 306(b) would afford compensation. And, as indicated in the Scott case, *supra,* the fact that plaintiff, a miner, could show no loss of earning power resulting from his bodily scarring would not necessarily preclude a finding that such an injury was a partial disability within the specific coverage of Section 306(b).

If, however, it were ultimately determined by Pennsylvania courts that bodily disfigurement did not fall within the specific coverage of Section 306(b), *supra,* I believe the required conclusion then would be that Section 306(c) and (d), *supra,* bespeaks the final word upon the general question of disfigurement resulting from an accident in the course of employment, providing monetary recovery for this specific loss only where the disfigurement is to the face or neck, but impliedly denying recovery where the disfigurement is to other portions of the body.

Relevant is the case of Moffett v. Harbison-Walker Refractories Co., 339 Pa. 112, 14 A.2d 111 (1940), wherein plaintiff sued his employer to recover for a partial disability resulting from silicosis. While the Pennsylvania Occupational Disease Act, 77 P.S. § 1201 et seq., provides compensation for total disability due to silicosis, it specifically declares that a partial disability resulting from said occupational disease is not compensable under the Act. Although the Occupational Disease Act bars an employee accepting the Act from instituting a common law action for negligence against his employer arising out of an occupational disease, plaintiff contended

that, since the Act provided compensation only for total disability resulting from silicosis, it could not deprive him of a common law remedy for partial disability arising from said occupational disease. Affirming a dismissal of the complaint, the Supreme Court of Pennsylvania stated at p. 117, 14 A.2d at p. 113:

> "We think it is clear, therefore, that the legislature intended to bring all silicosis sufferers, whether partially or totally disabled, under the Act and that by accepting the provisions of the compensation acts, an employee agreed to look solely to the Act for compensation and to give up any remedy he might otherwise have had."

Similarily, I believe it was the intention of the Pennsylvania Legislature to bring all persons suffering disfigurement from an accident in the course of employment under the provisions of the Workmen's Compensation Act. Accepting the provisions of said Act, plaintiff has agreed to look solely to the Act for compensation.

The cases cited by plaintiff are in each instance distinguishable. In Boal v. Electric Storage Battery Co., 98 F.2d 815 (3d Cir. 1938), plaintiff sought a recovery in tort against his employer for cancer allegedly caused by inhalation of fumes in the storage battery plant where he worked. At the time, the Pennsylvania Workmen's Compensation Act was in effect but not the Occupational Disease Act. The Court of Appeals for the Third Judicial Circuit, relying on Billo v. Allegheny Steel Co., *supra,* and other Pennsylvania cases, held that plaintiff's ailment was an occupational disease not within the coverage of the Workmen's Compensation Act, which contemplated coverage only for injuries resulting from "accidents" within the course of employment. Accordingly, it was concluded that plaintiff was not barred by the Act from a common law suit to recover for what was deemed an occupational disease. However, plaintiff's common law action in this Court admittedly is founded upon an injury resulting from an accident in the course of employment. Such an injury is within the provisions of the Workmen's Compensation Act, and the Act's bar of a common law action is therefore applicable to plaintiff.

The recent case of Perez v. Blumenthal Bros. Choc. Co., 428 Pa. 225, 237 A.2d 227 (1968) is also inapposite herein. In *Perez,* the plaintiff sought recovery against his employer in a common law action for emphysema allegedly resulting from heavy dust to which plaintiff was exposed in a grinding operation in his employer's plant. The Pennsylvania Occupational Disease Act had been long in existence before the filing of the *Perez* action, but the Act, by its terms, is applicable only to occupational disease "peculiar to the industry or occupation" in which a claimant is employed and "not common to the general population." Finding that emphysema was not peculiar to plaintiff's industry but rather was common to the general population, the Supreme Court of Pennsylvania concluded that the disease was not covered by the Act and that plaintiff therefore was not barred by the Act from a common law action based upon the disease. Again, plaintiff's situation may be distinguished for the reason that his injury resulted from an accident occurring in the course of employment and, hence, is within the provisions of the Workmen's Compensation Act.

In a number of cases Courts construing or interpreting Workmen's Compensation statutes substantially similar to the instant one have concluded that an employee's common law action against his employer for disfigurement is barred by the applicable Workmen's Compensation statute. In Morgan v. Ray L. Smith & Son, 79 F. Supp. 971 (D.Kan.1948), plaintiff received injuries consisting of third degree burns while laying pipe. Pursuant to the terms of the Iowa Workmen's Compensation Act, which provided compensation for impaired earning power resulting from an injury in the course of employment, plaintiff received temporary total disability benefits from his employer's insurance carrier until such time

**80**

as he returned to work. Plaintiff then instituted a common law action in tort against his employer to recover for disfigurement allegedly not compensable under the Iowa Act. The Court dismissed the suit stating at pp. 974–975:

"This much is clear: The injuries received by plaintiff arose 'out of and in the course of the employment.' As stated above, therefore, it seems that plaintiff must seek his remedy under the Iowa Compensation Act. He cannot recover under the act part of the damages sustained or detriment suffered and maintain a common law action for other damages sustained or detriment resulting from the same injuries."

Confronted with similar circumstances in the case of Connors v. Semet-Solvay Co., 94 Misc. 405, at p. 410, 159 N.Y.S. 431, at p. 434 (1916), a New York Court stated:

"The whole object and purpose of the Legislature would be overthrown if the servant might, after obtaining compensation from his master as provided by the statute, then sue in the courts for further compensation because of disfigurement or pain and suffering."

See also Adams v. Iten Biscuit Co., 63 Okl. 52, 162 P. 938 (1917); Hyett v. Northwestern Hospital for Women and Children, 147 Minn. 413, 180 N.W. 552 (1920); and Morris v. Muldoon, 190 App. Div. 689, 180 N.Y.S. 319 (1920).

■ Plaintiff makes a contention that Section 306(b) of the Act is arbitrary in its discrimination between persons suffering disfigurement of the face and neck and those suffering disfigurement of the hands, arms and legs and, therefore, is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution. A statutory discrimination will not be set aside as violative of the Equal Protection Clause if any state of facts reasonably may be conceived to justify it. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). The discrimination made cannot be found to be without rational justification. It is evident that disfigurement of the face and neck, portions of the body which defy concealment, entails considerably more serious consequences, economic and otherwise, to the injured person than does disfigurement of the hands, arms and legs, which in almost all instances can be more readily concealed.

For the aforementioned reasons, the Court concludes that plaintiff's action is barred by the Pennsylvania Workmen's Compensation Act and that summary judgment therefore must be entered in favor of defendant-employers. An appropriate order is entered.