381 A.2d 1301

**Chester BONIECKE**

v.

**McGRAW–EDISON COMPANY, a corporation and Lectromelt Corporation, a corporation, Appellants.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1976.

Decided Dec. 28, 1977.

1. Appellee alleged in its brief that the stenographer was only part-time. There was no finding of fact on this issue.

468

Fred C. Trenor, II, Pittsburgh, for appellants.

Robert E. Tucker, Pittsburgh, submitted a brief for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an interlocutory order of the Court of Common Pleas of Allegheny County, Civil Division, dismissing defendant-appellants' motion for summary judgment. Appellants claim a right to appeal to this Court, although from an interlocutory order, under the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, Art. V, § 501, 17 P.S. § 211.501 (Supp.1976), and the Act of March 5, 1925, P.L. 23, § 1, 12 P.S. § 672, since it raises a question concerning the jurisdiction of the lower court. We disagree with appellants' jurisdictional claim and will affirm.

The basis of the action below was a complaint in trespass filed by plaintiff-appellee, Chester Boniecke, alleging he had become totally disabled from pulmonary fibrosis, emphysema and bronchitis resulting from appellants' negligence in failing to provide him a safe place to work. Appellee became disabled on July 18, 1973 after 22 years of employment in appellants' plant. On February 28, 1974, he filed a claim petition under Section 108 of the Occupational Disease Act, added February 28, 1955, P.L. 1095, § 1, 77 P.S. § 1208(n) (Supp.1976). After hearings on July 23, 1974, October 23, 1974, and February 15, 1975, at which hearings appellants denied the allegations of disability caused by an "occupational disease," the referee found that Mr. Boniecke did not have an "occupational disease" within the meaning of the act, and dismissed the petition. The board of appeals affirmed the referee's decision. The board found Mr. Boniecke failed to prove he had an occupational disease under Section 108(n) of the Occupational Disease Act. After this determination, Mr. Boniecke brought the instant action at common law.

Appellants in their motion for summary judgment claim the basis of the action is covered by either or both the Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, n. 1, § 101 et seq., as amended and the Occupational Disease Act, Act of June 21, 1939, P.L. 566, No. 284, § 101 et seq., as amended, and that these statutes provide the exclusive remedy for appellee through the Workmen's Compensation Board.[1] In dismissing the motion for summary judgment, the court below found Mr. Boniecke had been determined not to be covered by the Occupational Disease Act, supra, under which Mr. Boniecke had filed his claim, which was heard in proceedings before the board and was not prohibited from bringing an action at common law.

The exclusive remedy for an "occupational disease" is found within the Occupational Disease Act as provided in Section 303 of the Act. 77 P.S. § 1403 (1952). The Workmen's Compensation Board, both at the referee and appeals level, held that Mr. Boniecke was not disabled as a result of an "occupational disease" as defined in the Act. Section 108 of the Act enumerates certain diseases which are considered to be "occupational diseases." The enumeration of these diseases is based on a prior legislative determination that available medical evidence establishes the causal relationship between exposure to the particular hazards of an industry or occupation and contracting particular diseases. Unlike an action at common law where proof of negligence is neces-

1. Although appellants assert that appellee's original petition was filed under the Workmen's Compensation Act, the petition stated that the claim was made under the Occupational Disease Act. The Workmen's Compensation Act now also includes occupational diseases, but the acts remain separate and distinct. It is at the option of the claimant to file his claim under either of them or both in the alternative. The referee has no authority to change a claim under one act to a claim under the other. Only the claimant may make such an amendment. Workmen's Compensation Appeal Board v. Wlodarczyk, 21 Pa.Cmwlth. 495, 347 A.2d 763 (1975). The referee based his decision on the Workmen's Compensation Act and the appellants' argument rests on that act. The appeals board based its decision on the Occupational Disease Act, and no amendment of the claim by appellee appears in the record.

sary to fix liability and permit recovery, the Act requires only proof of sufficient exposure to the hazard and proof of disability from the named disease. *Cuevas v. Platers & Coaters, Inc.,* 464 Pa. 35, 346 A.2d 6 (1975).

In order for a disease, not enumerated to be an "occupational disease," to fall within the provisions of the Act, the claimant must demonstrate that his claim meets all the criteria set out in Section 108(n) of the Act, which provides:

"The term 'occupational disease,' as used in this act, shall mean only the following diseases:

.    .    .    .    .

(n) All other occupational diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are peculiar to the industry or occupation, and (3) which are not common to the general population."

Mr. Boniecke's disease, pulmonary fibrosis, is not one of the enumerated diseases, and it is common to the general population. Nevertheless, pulmonary fibrosis can be found to be within the purview of the Occupational Disease Act if the claimant can satisfy the criteria of Section 108(n) by demonstrating that "its causes and the characteristics of its manifestation" make it "peculiar" to the claimant's industry or occupation. *Williams v. Spaulding Bakeries,* 464 Pa. 29, 346 A.2d 3, 5 (1975). See also *Dunn v. Merck Co., Inc.,* 463 Pa. 441, 345 A.2d 601 (1975); *Utter v. Asten-Hill Mfg. Co.,* 453 Pa. 401, 309 A.2d 583 (1973). In the instant case, the appeals board, citing *Utter,* supra, found that appellee did not demonstrate his pulmonary fibrosis was peculiar to his industry or occupation and affirmed the referee's finding that appellee did not have an "occupational disease" covered by the Act.

The Act itself makes clear that it is not a bar to a trespass action brought upon a disease not covered by the Act. *Perez v. Blumenthal Bros. Choc. Co.,* 428 Pa. 225, 237 A.2d 227 (1968). In the instant case, as in *Perez,* the plaintiff has been found not to have an "occupational disease" in a proceeding prior to the filing of the trespass action. The Supreme Court held that Mr. Perez was not

barred by the Occupational Disease Act from proceeding with a trespass action in the Court of Common Pleas since, having been found by the Workmen's Compensation Board not to have an "occupational disease" as defined by the Act, he was not covered by the Act. Since the Act does not bar appellee from bringing an action at common law, the lower court's order overruling appellant's jurisdictional objection was correct.

Accordingly, the order of the court below is affirmed.

PRICE, J., files a dissenting opinion in which WATKINS, President Judge, joins.

PRICE, Judge, dissenting:

Section 303 of The Pennsylvania Workmen's Compensation Act [1] provides in part:

"Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of employment, or to any method of determination thereof, other than as provided, in article three of this act."

It is well settled under this statute that if an injury or death is compensable under the Workmen's Compensation Act, an employee may not bring a common law trespass action to recover damages from his employer. *See Hamler v. Waldron,* 445 Pa. 262, 284 A.2d 725 (1971); *Hyzy v. Pittsburgh Coal Co.,* 384 Pa. 316, 121 A.2d 85 (1956); *McIntyre v. Strausser,* 365 Pa. 507, 76 A.2d 220 (1950). This is true whether or not the claim is meritorious. *Nicklos v. Firestone Tire & Rubber Co.,* 346 F.Supp. 185 (E.D.Pa.1972). On the other hand, a common law trespass action to recover for injuries which are not compensable under the Workmen's Compensation Act is not barred. *Perez v. Blumenthal Brothers Chocolate Co.,* 428 Pa. 225, 237 A.2d 227 (1968).

---

1. Act of June 2, 1915, P.L. 736, art III, § 303 (77 P.S. § 481), *as amended.* Section 303 was most recently amended by the Act of December 5, 1974, P.L. 782, No. 263, § 6. However, this amendment does not apply to appellee's claim.

Therefore, there is a fundamental distinction between non-meritorious claims for compensable injuries and claims for noncompensable injuries. In this case, if appellee's injury is compensable under the Workmen's Compensation Act, he may not recover in trespass even though his claim is non-meritorious. If appellee's injury is not compensable under the Workmen's Compensation Act, his trespass action is not barred.

I agree with the majority that, in this case, appellee filed his claim under The Pennsylvania Occupational Disease Act.[2] I do not agree that appellee had the option of disregarding his remedy under the Workmen's Compensation Act.

Occupational diseases present a unique situation in Workmen's Compensation Law because recovery for injuries sustained due to an occupational disease is available under both the Occupational Disease Act and the Workmen's Compensation Act.[3] The majority's holding that a claimant disabled by an occupational disease may institute his claim pursuant to either Act is supported by case law, *see Workmen's Compensation Appeal Board v. Wlodarczyk,* 21 Pa.Cmwlth. 495, 347 A.2d 763 (1975), and by treatise. *See A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease* (1975). However, I interpret these sources as referring to situations where the claim may be established under *either* statute, freeing the claimant to choose the statute which provides the most beneficial remedy. It simply makes no sense to say that a claimant may elect to pursue his claim under a statute which denies recovery, while foregoing his rights under a statute which provides a recovery, thereby gaining the right to sue in trespass. Such a rationale totally ignores one of the basic purposes of Workmen's Compensation legislation, which is to eliminate the necessity of trespass actions. *Greer v. United States Steel Corp.,* 237 Pa.Super. 597, 352 A.2d 450 (1975). I would hold that if an injury

2. Act of June 21, 1939, P.L. 566, No. 284, § 101 (77 P.S. § 1201) *et seq., as amended.*

3. Act of June 2, 1915, P.L. 736, arts. I, III, §§ 108, 301(c)(2) (77 P.S. §§ 27.1, 411(2) (Supp. 1976-77)), *as amended.*

due to an occupational disease is compensable under either the Workmen's Compensation Act or the Occupational Disease Act, the appropriate remedy must be regarded as exclusive.

The difficulty with this case is that we cannot determine whether appellee's injury is compensable under the Workmen's Compensation Act. As the majority observes, even though appellee filed his claim pursuant to the Occupational Disease Act, the Workmen's Compensation referee decided that recovery was unavailable under the Workmen's Compensation Act. The referee's relevant holdings are as follows:

> "The claimant's disabling lung disease may or may not be industrially related.
>
> .    .    .    .    .
>
> The claimant having failed to meet the burden imposed by Section 108(n) and 301(c), (2), [(c)(2)] of the Workmen's Compensation Act, as amended January 31, 1973, in proving all of the elements necessary to sustain a finding that his total disability is caused by an occupational disease within the meaning of the Act, must have his prayer for compensation denied."

It is unclear whether the referee regarded appellee's injury as noncompensable or his claim nonmeritorious.

The Workmen's Compensation Appeals Board interpreted the referee's decision as if it had been decided under the Occupational Disease Act. Thus, we have no factual determination as to the compensability of appellee's injury under the Workmen's Compensation Act. Furthermore, that question of fact, crucial to this case, cannot be resolved in the lower court. In *Greer v. United States Steel Corp., supra,* a claimant bypassed his Workmen's Compensation remedies and attempted initially to satisfy his claims for employment-related injuries in a common law trespass action. The defendant contended that the claimant was limited to his Workmen's Compensation remedies. We held:

> "The claimant here has made the factual and legal determination that his claim is not compensable by filing

his action in the nature of trespass, while the legislature has created a forum with expertise in these matters to make this determination. The legislature has in fact removed from the jurisdiction of the Court of Common Pleas all matters relating to Workmen's Compensation and directed that appeals from the Workmen's Compensation Board be taken to the Commonwealth Court so that an expert and consistent line of decisions would evolve.

.    .    .    .    .

Whether the proofs ultimately establish compensability is for the compensation referee, board and court to determine." 237 Pa.Super. at 600–01, 352 A.2d at 451–52.

The gist of our holding in *Greer* was that whether a claim is compensable under the Workmen's Compensation Act must be determined initially through the Workmen's Compensation system. Therefore, appellee's claim must be relegated to the Workmen's Compensation Board for appropriate action. *See Williams v. Spaulding Bakeries, Inc.,* 464 Pa. 29, 346 A.2d 3 (1975).

I would reverse the order of the lower court and remand the case for proceedings consistent with this opinion.

WATKINS, President Judge, joins in this dissenting opinion.