## Kline v. Arden H. Verner Company

*Thomas A. Kovalchick,* for plaintiffs.
*Fred C. Trenor,* for defendants.

FINKELHOR, *J.,* July 22, 1981—The above matter comes before the court en banc on defendant's motion for summary judgment under Rule 1035 of the Pennsylvania Rules of Civil Procedure.

The issue is whether an employee who is injured in the course of his employment but receives an injury not included within the scheduled injuries and

payments of the Worker's Compensation Act, as amended in 1974, 77 P.S. §513, may bring a common-law action for such noncovered injuries.

The facts set forth in the pleadings are briefly summarized as follows. Plaintiff William Kline was employed as a painter in May 1978 by defendant Arden H. Verner Company. Plaintiff was injured due to the negligence of a fellow employee and suffered injuries to the pelvic region characterized as "priapasm secondary to perennial trauma."[1]

Plaintiff was unable to work for the period from June 26, 1978 through July 24, 1978 and received compensation payments for that period. Thereafter, on June 2, 1980, plaintiff filed a petition for reinstatement of compensation and alleged the specific loss of use of his penis. Following a hearing, the referee entered an order dismissing plaintiff's petition as not covered under the specific-loss benefits of section 306(c), 53 P.S. §513, of the act.

Section 303 of the Pennsylvania Worker's Compensation Act, as reenacted in 1974, provides, in relevant part, as follows:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in §301(c)(1). . . ." 77 P.S. §481.[2]

---

1. This condition is generally described as a persistent erection of the penis caused by disease or excessive quantities of androgens. It is plaintiff's complaint that he has lost the functional use of his penis.

2. The relevant portions of the prior act stated as follows:
"Such agreement shall constitute an acceptance of all of the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or

It is defendant's contention that, under the statutory language of the Worker's Compensation Act, an employee's exclusive remedy for a work-related injury is under the Compensation Act and the employee may not bring a common-law action in trespass against his employer.

It is plaintiff's position that, as his particular injury is not included within the scheduled injuries under the act, to bar the common-law action is a violation of Article I, section 11,[3] and Article III, section 21,[4] of the Pennsylvania Constitution. Plaintiff further contends that trespass actions have been permitted under the Occupational Disease Act, 77 P.S. §1403 (1952). Perez v. Blumenthal Bros. Chocolate Co., 428 Pa. 225, 237 A.2d 227 (1968); Boniecke v. McGraw Edison Co., 252 Pa. Super. 467, 381 A.2d 1301 (1977).

Prior to the 1974 amendments to the Pennsylvania Worker's Compensation Act, it was well established Pennsylvania law that said act was considered to be a contract between the employer and employee. The case law expounded the theory that

---

amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided, in article three of this act."

It should be noted that the language implying a contract under the old legislation has been removed by the new act.

3. Article I, section 11, provides as follows:

"All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct."

4. Article III, section 21, is the enabling section which authorizes Workman's Compensation legislation.

the employee's common-law right to damages for injuries suffered in the course of his employment was surrendered in exchange for the statutory right to compensation for all such injuries and the employer's liability as a tortfeasor was nullified. Socha v. Metz, 385 Pa. 632, 123 A.2d 837 (1956); Hartwell v. Allied Chemical Corp., 457 F.2d 1335 (1972); Bayles v. Phila. National League Club, 472 F.Supp. 625 (E.D., Pa. 1979), aff'd per curiam 615 F.2d 1352 (3rd Cir. 1980); Scott v. C. E. Powell Coal Co., 402 Pa. 73, 166 A.2d 31 (1960).

Constitutional bars to the exclusivity of the 1974 Compensation Act have been considered by our appellate courts in related cases. Tsarnas v. Jones & Laughlin Steel Corp., 262 Pa. Super. 417, 396 A.2d 1241 (1978); Eisel v. U.S. Slicing Machine, 267 Pa. Super. 528, 407 A.2d 36 (1979). Irrespective of the contract theory underlying earlier Compensation Acts, our appellate courts have held that a common-law cause of action may be constitutionally abolished or limited without a substitute remedy. Finger v. Sheppard, 464 Pa. 387, 346 A.2d 897 (1975); Freezer Storage, Inc. v. Armstrong Cork Co., 476 Pa. 269, 382 A.2d 715 (1978); Bell v. Koppers Co., Inc., 481 Pa. 454, 392 A.2d 1380 (1978). Thus, plaintiff's constitutional argument is without merit.

In fact, plaintiff received compensation during the period he was unable to work and his current claim is for coverage of a permanent injury which does not affect his ability to work. However, the noninclusion of a given injury within the specific-loss benefits does not nullify the exclusivity of the Compensation Act for work-related injuries.

In Scott v. C. E. Powell Coal Co., supra, an employee sued his employer in trespass to recover damages for the permanent loss of his senses of taste and smell resulting from a work-related acci-

dent but not included within the scheduled loss benefits.

The court stated as follows:

"We have ruled that when an employee sustains injuries which bring him within the provisions of the Pennsylvania Workmen's Compensation Act, the question as to what amount he is compensated depends on the provisions of the act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied with this agreement. See Moffett v. Harbison-Walker Refractories Co., 339 Pa. 112, 14 A.2d 111 (1940)." 402 Pa. at 77.

A similar result was reached by the Federal Court in Hartwell v. Allied Chemical Corp., supra, wherein plaintiff/employee sought damages at common law for disfiguring scars on his body which he had received as a result of an accident occurring in the course of his employment. In Curran v. Westinghouse, no. 384 January term, 1972, aff'd 315 A.2d 303 (1974), this member of the court ruled that the injured worker was barred from a products-liability claim against his employer.

Plaintiff also seeks to rely on cases decided under the Pennsylvania Occupational Disease Act, 77 P.S. §1403, wherein common-law actions in trespass have been premitted. Greer v. U.S. Steel Corp., 475 Pa. 448, 380 A.2d 1221 (1971); Boniecke v. McGraw-Edison Co., supra. As analyzed by the Federal Court in Hartwell v. Allied Chemical Corp., supra, there are statutory differences between the Occupational Disease Act and the Worker's Compensation Act. In order for a disease, not enumerated to be an occupational disease, to fall within the provisions of that act, the claimant must demonstrate that his claim meets the criteria of occupational disease. Further, the act, itself, makes clear that it is not a bar to a trespass action alleging a dis-

ease not covered by the act. The Worker's Compensation statute does not include similar limitations as to injuries.

There is no question that plaintiff has raised a valid issue as to existing inequities under the Worker's Compensation Act. From the decided cases, it is apparent that there are serious injuries for which only limited coverage is available. The loss of the sense of taste or smell, serious bodily scarring or injuries to the genitals, not affecting work performance and probably other permanent injuries which are distressing but do not affect the employee's ability to work, are not compensable as permanent injuries under the present Worker's Compensation legislation. Accepting plaintiff's allegation of permanent injury to the functioning of his genitals as true, there is no question that he has suffered injuries or damages and, in effect, has not been compensated. He retains, of course, his right of recovery, irrespective of the negligence of the employer for losses due to inability to work.

The Worker's Compensation Act was substantially amended by the Pennsylvania General Assembly in 1974 to liberalize benefits. Apparently, the legislature considered the problem raised by plaintiff but elected not to enlarge the permanent-injury schedule or to authorize actions in trespass for non-covered permanent injuries. The solution to the plaintiff's dilemma is with the legislature, not with the courts.

Under the present status of the Worker's Compensation Act, plaintiff does not have a common-law negligence action for permanent injury not covered by section 306 and the motion for summary judgment must be granted.

An appropriate order is attached hereto.

## ORDER OF COURT

And now, this July 22, 1981, upon the motion of defendant for summary judgment and after full consideration of the briefs and arguments of counsel, it is hereby ordered, adjudged and decreed that said motion for summary judgment is granted and judgment shall be entered in favor of defendants.