453 A.2d 1035

**William B. KLINE and Renee Kline, Appellants,**

**v.**

**ARDEN H. VERNER COMPANY, Arden H. Verner, Arden H. Verner Company, Inc. and Arden H. Verner t/a Painters, Inc. and t/a Painters, Inc.**

Superior Court of Pennsylvania.

Submitted Oct. 13, 1982.

Filed Dec. 17, 1982.

Petition for Allowance of Appeal Granted March 9, 1983.

574

Thomas Kovalchick, Arnold, for appellants.

Fred C. Trenor, II, Pittsburgh, for appellees.

Before WIEAND, BECK and MONTGOMERY, JJ.

WIEAND, Judge:

William B. Kline, employed as a painter, was injured in a work related fall from a ladder. He was unable to work for approximately a month and received workmen's compensation benefits for that period. He sustained injuries to the pelvic region characterized as "priap[i]sm secondary to perineal trauma" which resulted in loss of the functional use of his penis. Because this is not among the enumerated specific losses compensable under Section 306 of the Pennsylvania Workmen's Compensation Act, as amended,[1] Kline commenced an action in trespass against the employer, Arden H. Verner Company, alleging permanent injury caused by the negligence of a fellow employee. The trial court entered summary judgment for the employer, and this appeal followed. We affirm.

Section 303 of the Workmen's Compensation Act, as amended and re-enacted by the Act of December 5, 1974, P.L. 782, No. 263, § 6(a), 77 P.S. § 481(a), provides:

> The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108. (Footnotes omitted.)

Appellant has been compensated under the provisions of the Workmen's Compensation Act. He has been paid by his employer the full benefits to which he is entitled. His contention that he should be permitted to maintain an action at law because the permanent impairment which he has

1. Act of December 5, 1974, P.L. 782, No. 263, § 10, 77 P.S. § 513.

sustained is not otherwise specifically compensable is untenable. When an employee sustains injuries which bring him within the Workmen's Compensation Act, the amount he is to be compensated depends upon the provisions of the Act. That compensation is his exclusive remedy. Its exclusivity is not destroyed and the employee does not acquire additional remedies merely because the provisions of the Act fail to provide what he deems to be adequate or full compensation for injuries sustained.

In *Scott v. C.E. Powell Coal Co.*, 402 Pa. 73, 166 A.2d 31 (1960), an employee sustained a compensable injury which left him with a permanent loss of the senses of taste and smell. He sought to maintain an action in trespass to recover for the permanent loss of these senses but made no claim for medical expenses or loss of earnings. He contended that because the loss of the senses of taste and smell was not among the enumerated specific losses compensable by a fixed amount irrespective of actual disability, he could recover damages therefor in an action of trespass. The Supreme Court rejected this argument and refused to allow the action, noting the anomaly that would result from a contrary holding:

> If we were to adopt the appellant's argument it would be necessary to establish two standards for those employees, all parties to the same workmen's compensation agreement, who lose their senses of taste and smell as a result of accidental injuries. The injured worker whose salary was diminished as a result of the loss of his senses of taste and smell would be limited to recovery under the provisions of the Workmen's Compensation Act, whereas the injured employee, whose loss of the senses of taste and smell in no way impairs his earning capacity, would be permitted to bring an action for trespass against his negligent employer. We do not intend to create such an anomalous situation by allowing a suit in trespass in this case.

*Id.*, 402 Pa. at 77, 166 A.2d at 34.

A similar result was reached in *Hartwell v. Allied Chemical Corp.*, 457 F.2d 1335 (3d Cir.1972), where appellant had

brought an action at law to recover damages for disfiguring but not disabling scars resulting from a compensable, work-related accident.

■ Appellant argues that these decisions have reached an unfair result and urges that we overrule them and allow his action to proceed. This we cannot do. If there is inequity in the Workmen's Compensation Act, the remedy lies with the legislature. *Kelly v. The Carborundum Co.*, 307 Pa.Super. 361, 367–68, 453 A.2d 624, 627, 628 (Wieand, J. 1982); *Heckendorn v. Consolidated Rail Corp.*, 293 Pa.Super. 474, 482, 439 A.2d 674, 678 (1981).

■ To demonstrate unfairness, appellant relies upon decisions interpreting the Occupational Disease Act of June 21, 1939, P.L. 566, No. 284, § 101 et seq., as amended, 77 P.S. § 1201 et seq., as permitting common law actions for diseases not specifically listed in the Act. See: *Greer v. United States Steel Corp.*, 475 Pa. 448, 380 A.2d 1221 (1977); *Boniecke v. McGraw-Edison Co.*, 252 Pa.Super. 467, 381 A.2d 1301 (1977), *aff'd*, 485 Pa. 163, 401 A.2d 345 (1979). The Occupational Disease Act, however, is not analogous. It has application only to those diseases identified therein and was not intended to bar trespass actions brought upon diseases not covered by the Act. See: *Perez v. Blumenthal Brothers Chocolate Co.*, 428 Pa. 225, 237 A.2d 227 (1968); *Boniecke v. McGraw Edison-Co.*, *supra*, 252 Pa.Super. at 471, 381 A.2d at 1303. The Workmen's Compensation Act, however, provides benefits for and is applicable to "all injuries." See: Act of December 5, 1974, P.L. 782, No. 263, 77 P.S. § 1.

Appellant contends finally that to interpret the Workmen's Compensation Act so as to bar the instant action is to place thereon an interpretation violative of Article I, Section 11 of the Pennsylvania Constitution. This section provides that "[a]ll courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . . ." It has been said, however, that there is nothing in this section which prevents the legislature from extinguishing a cause of action. *Singer*

578

*v. Sheppard,* 464 Pa. 387, 400, 346 A.2d 897, 903 (1975) (Opinion of Jones, C.J.). Moreover and in any event, the enactment of a Workmen's Compensation Act is authorized by Article III, Section 18 of the Pennsylvania Constitution, which specifically includes the right to "limit the amount to be recovered for injuries...." Cf. *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980), *aff'g,* 262 Pa.Super. 417, 396 A.2d 1241 (1978); *Eisel v. U.S. Slicing Machine Co., Inc.,* 488 Pa. 192, 412 A.2d 138 (1980), *aff'g,* 267 Pa.Super. 528, 407 A.2d 36 (1979); *Socha v. Metz,* 385 Pa. 632, 123 A.2d 837 (1956).

The order entering summary judgment is affirmed.