Moffett, Appellant, *v.* Harbison-Walker
Refractories Company

Argued May 21, 1940. Before SCHAFFER, C. J.,
MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*E. V. Buckley,* of *Mercer & Buckley,* for appellant.

*R. A. Applegate,* with him *Rose & Eichenauer,* for appellee.

OPINION BY MR. JUSTICE LINN, June 24, 1940:

This appeal is from an order sustaining a statutory demurrer to plaintiff's statement of claim which declared in tort for violation of section 11 of the Factory Act of May 2, 1905, P. L. 352,[1] and for failure to furnish a reasonably safe place to work and to warn plaintiff of incident dangers, with the result that plaintiff was partially disabled by silicosis. The learned court below construed plaintiff's statement as a claim for total disability, a point we think immaterial in disposing of this appeal; it sustained the demurrer and held that plaintiff's remedy was under the Workmen's Compensation Act of 1915, P. L. 736, as supplemented by the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714, which became effective January 1, 1938.[2]

The defendant contends that the Workmen's Compensation Acts provide the only remedy now available and relieve defendant from all liability in any other form of action for all disability resulting from silicosis. Plaintiff replies that the Acts provide compensation only for total disability from silicosis and do not take away his common law remedy for partial disability.

In view of plaintiff's argument, it may first be noted that the Workmen's Compensation Act of 1915, prior to the Occupational Disease Compensation Act, had provided that compensation should not be paid for all injuries resulting in the course of employment, although the Act dealt with such injuries. The law provided that,

---

[1] It should be noted, incidentally, that this act was repealed and supplanted by the Act of May 18, 1937, P. L. 654, 43 PS section 25-1 et seq.

[2] Subsequent legislation on the subject was passed after the alleged employment and disability involved in this case.

even though an employee was injured, he could not receive compensation unless disability extended beyond 14 days, a period later reduced to 7 days; originally, section 310 excluded widowers, parents, brothers and sisters not resident in the United States; and disfigurement was not an element for which compensation would be paid.[3] Section 303 of the Act, 77 PS section 481, provides: "Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any injury or death occurring in the course of the employment, or to any method of determination thereof, other than as provided in article three of this act. . . ." Certain classes of injury were therefore neither compensable under the Act nor capable of redress by any other remedy.

The Act did not, however, purport to include occupational diseases. For this reason an employer could not defend a tort action for damages for partial or total silicosis injury by alleging that plaintiff must proceed under the Workmen's Compensation Law: *Plazak v. Allegheny Steel Co.*, 324 Pa. 422, 188 A. 130; *Billo v. Allegheny Steel Co.*, 328 Pa. 97, 195 A. 110. The reason for then excluding this defense was clearly stated in Billo's case: "Appellant emphasizes and apparently stands upon the proposition that 'The Pennsylvania release clause is a complete bar to the action.' The answer is that it would be if the Workmen's Compensation Act included within its provisions *injuries arising from occupational diseases.* But *this it does not do.*"

This omission was remedied by the Act of 1937, P. L. 2714. That act provided compensation for occupational diseases, among them silicosis. Section 3 of the Act provided: "The several provisions of the Workmen's Compensation Act, to which this act is a supplement,

---

[3] The Act has been amended in these respects.

shall be applicable to this act in so far as they are consistent with terms hereof. In applying the Workmen's Compensation Act to this act, the Workmen's Compensation Act shall be construed as including, in addition to 'injury' and 'personal injury' by accident, 'occupational disease' and the resultant effects thereof, including death. The word 'disabled,' as herein used, means disabled from earning full wages in the employment in which the employee was employed.

" 'Disability' as used herein means the state of being so disabled. The date when the disability occurs from occupational disease shall be deemed to be the date of injury or accident."

In construing the two acts together we must read the word "injury," in the release clause of the Act of 1915, as including silicosis, or, what is the same thing, must insert the words "occupational disease" after the word "injury," so that the clause will read that plaintiff surrenders the right to compensation for any occupational disease suffered in the course of employment and to any method of recovery except that stated in article 3.[4] Plaintiff's argument appears to agree that this is a correct construction of the statute, but he contends that because the supplementary statute provides that "Compensation shall not be payable for partial disability due to silicosis . . ." (section 5(b) ), he did not surrender his right to sue in tort for partial disability. But we have already noted that the original act, providing for accidental injuries, allowed no compensation until after a definite period, provided no compensation to nonresident dependents, and allowed nothing for disfigurement. That was the legislative policy and was well understood

---

[4] This is confirmed by the phraseology of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566; section 303, 77 PS section 1403, provides for the surrender of " . . . rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease . . . " etc.

when the supplement of 1937 was passed. In harmony with that policy, the legislature, in providing for compensation for silicosis, made other exceptions: section 5(a) provided it "shall be paid only when it is shown that the employe has had an aggregate employment of at least two years in the Commonwealth of Pennsylvania during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard." It is inconceivable that the legislature intended, for example, that a person recently come into the state, and becoming totally disabled, within two years, should have the right to sue in tort and that after two years he should be subject only to the compensation statute. We think in each case the employee's contract resulted from the statute and in each case was the same; he gave up his right to sue in tort for the absolute certainty provided by the Act of receiving the compensation on bringing himself within its compensatory clauses. By coming under the Act, plaintiff surrendered his right, in the words of the Act "to any method of determination thereof, other than as provided in article three. . . ."

It is common knowledge that in early stages silicosis is difficult to detect. A commission on compensation for occupational disease, which reported to the Governor in 1933,[5] recognized that silicosis and miners' asthma, because of their slow development, presented "the greatest difficulties as administrative problems." The legislature recognized the difficulty of the subject and provided, in relief of the possible burdens on the employer, that the Commonwealth would contribute $100,000 for the purposes specified in section 7. It also provided, in the circumstances stated in section 10, for the appointment of a Medical Advisory Board to report to the compensation authorities on silicosis cases on

[5] Legislative Journal, Vol. VI (Appendix), 1933, pp. 7365 et seq.; see the "special consideration" given the disease at p. 7378 et seq.

trial, and in section 11 for the "entry of any physician, surgeon, or expert upon the premises of the defendant employer in order to ascertain the facts in any case arising under this act." We think it is clear, therefore, that the legislature intended to bring all silicosis sufferers, whether partially or totally disabled, under the Act and that by accepting the provisions of the compensation acts, an employee agreed to look solely to the Act for compensation and to give up any remedy he might otherwise have had.

In construing the statute, which is all that is now involved, we are hardly assisted by cases from other states unless they construe substantially similar provisions. Plaintiff's brief asserts that "The weight of authority is against defendant's position" and cites cases from other jurisdictions, of which our own case, *Billo v. Allegheny Steel Company,* 328 Pa. 97, 195 A. 110, may fairly be said to be an example. That case arose and was decided before the statute brought occupational diseases under the Act. The decision was that a plaintiff could sue in tort for silicosis; it was a disease not made the subject of the compensation legislation; no other result could have been reached. But neither that case, nor any that we have seen, would justify a construction of our statute in accord with plaintiff's contention. We have examined the cases cited in plaintiff's brief and reject the statement that the weight of authority is against defendant's position. The cases are simply not in point. There is one case, and so far as we have found, only one, in which the compensation statute deals with silicosis and distinguishes between partial and total disability; in that one the court concluded that the legislature dealt with the whole subject and held there could be no recovery outside the provisions of the Act; it is a decision of HARRIS, J., in New York,[6] *DelBusto v. Du-*

---

[6] The opinion says, at page 924: "This court is of the opinion that in enacting that portion of section 66 of Article 4-A of the

*pont deNemours & Co., Inc.,* 167 Misc. 920, 5 N. Y. S. (2d) 174 (Sup. Ct. 1938). This case supports the view of the appellee.

Plaintiff argues that even if the above construction is accepted, he would have surrendered his right to sue in trespass only for injury occurring after the effective date of the act, January 1, 1938, but not for so much of the injury, if any, as was negligently inflicted before that. From his averment that he was employed for many years "prior to March 8, 1938," he would infer that at least part of his injury resulted before he surrendered his common law remedy. It is unnecessary to consider whether in any circumstances, his statement of claim could be supported on that theory; the statute is definitely against that position; section 3, quoted above, provides that "The date when the disability occurs from occupational disease shall be deemed to be the date of injury or accident." Plaintiff's disability occurred on March 8, 1938, when he quit work. The Act of 1937 was then in effect.

The judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE STERN:

Where certain injuries or diseases are compensable under the Workmen's Compensation Act the employee who has accepted the Act may not resort to an action at common law for negligence, but it is equally true, of course, that where no right of recovery for a particular kind of injury or disease is given by the Act the common-law remedy remains undisturbed. In my opinion, the

Workmen's Compensation Law (Laws of 1936, chap. 887) which provides 'Compensation shall not be payable for partial disability due to silicosis or other dust disease,' the Legislature determined that in compelling the employee to bear the burden of partial disability it was a burden that he should, in accordance with the Constitution, be compelled to bear in return for the compensation allowed him for total disability or death from silicosis or other disease."

provision that cases of partial disability due to silicosis are not compensable under the statute is not analogous to a provision, for example, that compensation is not payable for the first week of disability resulting from any injury. The one-week provision merely limits the amount that may be recovered in the case of an injury covered by the act, but partial disability and total disability silicosis cases seem to me to be entirely distinct *kinds* or *classes* of cases, the exclusion of either of which from the Workmen's Compensation Act allows that kind or class to continue under the principles of common-law liability.

I would reverse the judgment of the court below.

Mr. Justice MAXEY joins in this dissent.