WATKINS v. NATIONAL ELECTRIC PRODUCTS CORPORATION.

Civ. A. No. 5470.

District Court, W. D. Pennsylvania.

Jan. 29, 1947.

Eugene A. Caputo, of Ambridge, Pa., and Louis Vaira, of Pittsburgh, Pa., for plaintiff.

V. C. Short, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

The above entitled case was tried before a jury and resulted in a disagreement. Counsel for the defendant, having moved for judgment at the trial, now renews his motion. It is asserted on behalf of the defendant that the plaintiff, by the pleading and proof in the action, can recover only in a proceeding under the Pennsylvania Occupational Disease Act, and not by the present common-law action.

By the complaint it is alleged that he contracted Pulmonary Fibrosis while inhaling dangerous chlorine fumes while employed by defendant as an operator of a wire taping machine. It is further alleged that defendant failed to provide a reasonably safe place to work, in that it permitted excess quantities of poisonous fumes to escape around the machine when plaintiff was working without providing proper appliances to carry off said fumes and without warning plaintiff of the danger of breathing them. The complaint also aserts that in his employment he came in contact with halowax, a compound containing chlorine "and which gave off poisonous fumes."

An examination of plaintiff's testimony will disclose that he claimed injury from no other source than the halowax fumes, nor is there any testimony as to any other cause for his tuberculosis.

It is admitted on behalf of the defendant that the plaintiff was afflicted with tuberculosis in and after 1944. And it is admitted by the plaintiff, and as claimed by defendant, that halowax is a halogenated hydrocarbon, and that it is toxic, a poison.

The issue raised by defendant's motion for judgment is whether the Pennsylvania Occupational Disease Act of June 21, 1939, P.L. 566, 77 Purdon's Statutes § 1201 et seq., bars the instant common-law tort action. That Act, 77 P.S. § 1208, provides that the term "occupational disease", as used therein, shall include inter alia: "(c) Poisoning by * * * halogenated hydro carbons, or any preparations containing these chemicals or any of them, in any occupation involving direct contact with, handling thereof, or exposure thereto."

Plaintiff, in his employment by defendant was engaged in an "occupational disease" employment. The Act defining such diseases has been accepted by both parties herein. See 77 P.S. §§ 1401, 1402. Section 1403, 77 P.S., is as follows:

" § 1403. Acceptance; persons bound

"Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease, or to any method of determination thereof, other than as provided in article three of this act. Such agreement shall bind the employer and his personal representatives, and the employe, his or her wife, or husband, widow or widower, next of kin, and other dependents."

An employee by accepting the provisions of the compensation acts surrenders his right to bring an action in tort to recover for any disability. His remedy is exclusively under the Workmen's Compensation Act of June 2, 1915, P.L. 736, 77

P.S. § 1 et seq., supplemented by the Occupational Disease Act of July 2, 1937, P. L. 2714, 77 P.S. § 1101 et seq. Moffett v. Harbison-Walker Refractories Co., 339 Pa. 112, 14 A.2d 111.

The above was a silicosis case based upon partial disability.

The plaintiff called to the stand four physicians. Each of them expressed the opinion that plaintiff, by his exposure to the fumes of halowax (a halogenated hydrocarbon), had made active an existing tuberculosis which theretofore had been in a quiescent condition. None of them asserted that the tubercular condition had resulted directly from the exposure to the fumes, but to such exposure was attributed the injury which resulted to plaintiff. A number of witnesses were called by defendant, several of whom qualified as experts, who alleged that halowax had no effect in creating the lung condition of plaintiff, but in passing upon defendant's motion for judgment we have accepted, as required, the testimony of the plaintiff's witnesses. Dr. Alexander, for the plaintiff, testified:

"Q. As I understand you, doctor, the tuberculosis was there and has been there for a long time in your opinion? A. Yes."

Dr. Paul H. Franklin testified also for plaintiff, as follows:

"Q. As I understand it doctor, it is not your opinion that the tuberculosis was caused originally by the work which this man did, rather that it was activated or aggravated—a pre-existing condition was caused to become active? Is that your opinion? A. Yes, that is my opinion. Tuberculosis is only really caused by the particular germ of tuberculosis; the tubercle bacilli can cause it. They were not inflicted, of course, in this plant. But we do know many, many adults, even unknown to them, do have quiescent tuberculosis."

Dr. Margaret Littler, also on cross-examination, testified:

"Q. Yes. Well, if the halogenated hydrocarbon had not displaced the normal air, I take it that nothing would have happened to the man. Is that right? A. Right.

"Q. Then it is your opinion that it has been his exposure to an halogenated hydrocarbon which has brought about this activation of his tuberculosis? A. Yes."

■ These answers squarely bring the action within the scope of Plaugher v. American Viscose Corporation, 151 Pa. Super. 401, 30 A.2d 376. In that case the injury resulted from carbon disulphide fumes, which are mentioned in the same paragraph setting out occupational diseases as are halogenated hydrocarbons. This action was brought under the Occupational Disease Act of 1937, 77 P.S. § 1101 et seq., which is the same as the Act of 1939 in so far as the issues herein are concerned.

In Plaugher v. American Viscose Corporation, supra, the testimony disclosed (151 Pa.Super. at page 409, 30 A.2d 376) that the decedent died on February 19, 1939 of rheumatic heart disease and mitral stenosis, and that death was accelerated by carbon disulphide poisoning. It was held that the provision excluding contributory or accelerating causes as the basis for compensation for disability or death due to silicosis, anthraco-silicosis, or asbestosis does not apply to carbon disulphide poisoning and other diseases catalogued in section 2, paragraphs (a) to (j), inclusive. As stated, the issues in the instant case are the same under the Act of 1939 as they were under the Act of 1937. Plaugher v. American Viscose Corporation decisively brings under the Occupational Disease Act cases in which exposure to halogenated hydrocarbon has been a contributory or accelerating cause aggravating or accelerating a pre-existing disease. It plainly controls the decision of this court in its interpretation of the Pennsylvania statute.

■ One of the medical witnesses for the plaintiff, Dr. Margaret Littler, adopted a rather peculiar theory in respect to the action. She asserted, because the ordinary effect of poisoning by a halogenated hydrocarbon was to attack the skin and the liver of one exposed to it, that injury to the lungs did not constitute poisoning by the fumes as contemplated by the Act of 1939. Her theory is in the teeth of Plaugher v. American Viscose Corporation. A very satisfactory definition of "Poison" is found in 49 Corpus Juris 1043: "Poison may be defined as any substance which, where

introduced into the system either directly or by absorption produces violent, morbid, or fatal changes, or which destroys living tissue with which it comes in contact."

In the instant case the fumes were introduced into the system and destroyed living tissue, and were the aggravating cause of the injury claimed by plaintiff.

The motion of counsel for a directed verdict should have been granted, and therefore his present motion for judgment must be granted.

### Order

And now, to wit, January 29, 1947, the motion of defendant for judgment having come on to be heard, and upon consideration thereof it appearing that his remedy was not by his tort action brought but by the Occupational Disease Law of Pennsylvania, Act of June 21, 1939, P.L. 566, 77 P.S. § 1208, it is hereby ordered that judgment in favor of the defendant, National Electric Products Corporation, and against the plaintiff, Herschel Watkins, be entered as prayed in said motion.