Sojourner Guess, Appellant *v.* Workmen's Compensation Appeal Board (Link Belt/F.M.C. Corp.), Appellees.

Submitted on briefs April 4, 1983, to Judges Rogers, Williams, Jr. and Barbieri, sitting as a panel of three.

*Marc S. Jacobs, Galfand, Berger, Senesky, Lurie &
March,* for appellant.

*Robert C. Geller, Jr.,* Deputy Chief Counsel, for
Appellee, Commonwealth of Pennsylvania.

*Lawrence L. Robinson,* with him *Joseph R. Thompson Law Offices,* for appellee, Link Belt, F.M.C. Corporation.

Opinion by Judge Williams, Jr., October 21, 1983:
Sojourner Guess (Claimant) appeals from a Philadelphia County Common Pleas Court order which affirmed the Workmen's Compensation Appeal Board's (Board) decision sustaining the referee's dismissal of Claimant's claim petition for compensation for silicosis filed under The Pennsylvania Occupational Disease Act (Act).[1]

Claimant was employed by Link Belt/FMC, Inc. (Employer), as a sand molder for approximately thirty years. During the course of this employment Claimant was exposed daily to sand and silicon dioxide dust

---

[1] Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §§1201-1603.

from which he developed silicosis.[2] Upon being permanently separated from his Employer in September 1972, Claimant was briefly hospitalized for respiratory problems.

On February 2, 1973, Claimant filed a claim petition for compensation for silicosis under the Act.[3] Upon Claimant's failure to prove that he was totally disabled from silicosis as required by Section 301(e) of the Act, 77 P.S. §1401(e),[4] his claim was dismissed by the referee. Refusing to adjudicate the constitutionality of Section 301(e), the Board affirmed the referee's determination. The common pleas court, expressly rejecting the constitutional challenges to Section 301(e), upheld the Board's decision. This appeal followed.

Acknowledging that he is partially, and not totally, disabled from silicosis, Claimant raises three consti-

---

[2] Silicosis is a specific type of pneumoconiosis (which generically describes lung fibrosis) caused by the inhalation of dust from stone, sand or flint containing silicon dioxide. 2 A. Barbieri, *Pa. Work. Comp.* §7.07(1) (1975).

[3] Silicosis is one of the occupational diseases enumerated under the Act. Section 108(k), 77 P.S. §1208(k), provides the following:

The term "occupational disease," as used in this act, shall mean only the following diseases:

. . . .

(k) Silicosis, anthraco-silicosis or coal worker's pneumoconiosis . . . in any occupation involving direct contact with, handling of, or exposure to the dust of anthracite or bituminous coal and/or dust of silicon dioxide ($SiO_2$).

[4] Section 301(e) of the Act, 77 P.S. §1401(e), contains the following language:

(e) Compensation shall not be payable for partial disability due to silicosis, anthracosilicosis, coal worker's pneumoconiosis, or asbestosis. Compensation shall be payable, as otherwise provided in this act, for total disability or death caused if silicosis, anthraco-silicosis, coal worker's pneumoconiosis, or asbestosis, or by silicosis, anthracosilicosis, coal worker's pneumoconiosis, or asbestosis, when accompanied by active pulmonary tuberculosis.

tutional questions. First, does Section 301(e) violate the due process clause of the fourteenth amendment to the United States Constitution because Claimant, while partially disabled from silicosis, is denied both compensation under the Act and a common law remedy? Second, does Section 301(e) violate the equal protection clause of the fourteenth amendment to the United States Constitution by irrationally and discriminatorily excluding one class of employes (workers with partially disabling silicosis) from receiving compensation while providing benefits for another class of employes partially disabled from occupational diseases other than silicosis? Third, does Section 301 (e) contravene Article 3, Section 18 of the Pennsylvania Constitution, the enabling provision of the Act?

In *Moffett v. Harbison-Walker Refractories Company*, 339 Pa. 112, 14 A.2d 111 (1940) recovery for partial disability from silicosis was excluded at common law although only total disability was compensable under the Act. Our Supreme Court pertinently stated:

> We think it is clear, therefore, that the legislature intended to bring all silicosis sufferers, whether partially or totally disabled, under the Act and that by accepting the provisions of the compensation acts, an employe agreed to look solely to the Act for compensation and to give up any remedy he might otherwise have had.

*Id.* at 117, 14 A.2d at 113-14. Claimant first asserts that, being partially disabled by silicosis, he is denied both compensation under the Act, Section 301(e), and common law remedies, *Moffett,* in violation of the due process clause of the United States Constitution. We find this unsupported contention to be without merit.

If an occupational disease is covered by the Act, such as silicosis (one of the occupational diseases enumerated at Section 108), and the parties have accepted the Act (as they have *sub judice*), the exclusive rem-

edy, if any, is statutory and recovery at common law is precluded. *Moffett; see also, Greer v. United States Steel Corporation,* 475 Pa. 448, 380 A.2d 1221 (1977); Section 303, 77 P.S. §1403.[5] While Section 301(e) denies Claimant compensation for partial, but not total disability due to his silicosis, and bars a common law negligence action against his employer, we nevertheless find no deprivation of due process.[6] Our Supreme Court's language in *Scott v. C. E. Powell Coal Co.,* 402 Pa. 73, 77-8, 166 A.2d 31, 34 (1960) is apposite:

We have ruled that when an employe sustains injuries which bring him within the provisions of the Workmen's Compensation Act, the question as to what amount he is compensated depends on the provisions of the Act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied with his agree-

---

[5] Section 303 of the Act, 77 P.S. §1403, provides pertinently:

Such agreement shall constitute an acceptance of all the provisions of article three of this act, and shall operate as a surrender by the parties thereto of their rights to any form or amount of compensation or damages for any disability or death resulting from occupational disease, or to any method of determination thereof, other than as provided in article three of this act. . . . (Footnote omitted.)

[6] Our research of jurisdictions with substantially similar occupational disease benefit limitation provisions reveals that *all* have survived a due process challenge similar to that raised by Claimant. *See, Harrison v. Southern Talc Co.,* 245 Ga. 212, 264 S.E.2d 2 (1980) (statute limiting total benefits for total disability resulting from silicosis, but not other occupational diseases, does not constitute denial of due process); *Cifolo v. General Electric Co.,* 305 N.Y. 209, 112 N.E.2d 197 (1953) (statute depriving claimant of common law remedy for partially disabling silicosis, without providing for compensation, does not constitute denial of due process); and *Masich v. United States Smelting, Refining and Mining Co.,* 113 Utah 101, 191 P.2d 612 (1948), *appeal dismissed,* 335 U.S. 866 (1948) (statute depriving claimant of common law remedy for partially disabling silicosis, without providing for compensation, does not constitute denial of due process).

ment. See, Moffett v. Harbison-Walker Refractories Company, 1940, 339 Pa. 112, 14 A.2d 111.

Claimant next argues that Section 301(e) is violative of the equal protection clause of the fourteenth amendment. When considering equal protection claims we must ''evaluate the disparity of treatment by the state between classes of individuals whose situations are arguably indistinguishable.'' *McCoy v. State Board of Medical Education and Licensure*, 37 Pa. Commonwealth Ct. 530, 537, 391 A.2d 723, 726 (1978). Claimant asserts that the Act's classification denying compensation (and common law remedies) to workers partially disabled from silicosis (and from other occupational diseases designated in Section 301 (e)), and granting compensation to workers partially disabled from covered occupational diseases not included in Section 301(e), unconstitutionally denies to Claimant equal protection of the law. We disagree.

The proper standard of review in analyzing the constitutionality of this classification is the rational basis test. As the right to disability benefits is not a fundamental right, and the class of partially disabled employes is not a suspect class, the strict judicial scrutiny test is inapplicable. Thus to pass constitutional muster under the rational basis test, the Act's classification must bear a reasonable relationship to a legitimate state objective. *See, Stevenson v. Industrial Commission*, 190 Colo. 234, 545 P.2d 712 (1976); *Gauthier v. Campbell, Wyant and Cannon Foundry Co.*, 360 Mich. 510, 104 N.W.2d 182 (1960).

In the social welfare area, ''[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.'' *McGowan v. Maryland*, 366 U.S. 420, 426 (1961). Moreover, if the classification has some reasonable basis, ''it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or be-

cause in practice it results in some inequality.' " *Dandridge v. Williams,* 397 U.S. 471, 485 (1970) (quoting *Lindsley v. National Carbonic Gas Co.,* 220 U.S. 61, 78 (1911)).

We believe that the legislature had a rational basis for denying partial disability benefits to workers suffering from silicosis, one of the four lung dust diseases included in Section 301(e). The legislature, recognizing the lung dust hazards prevalent in Pennsylvania's dominant, heavy industries, and mindful of the financial impact that full, unrestricted liability for disability arising from such dust diseases would have on the compensation system and the state's economy,[7] enacted provisions limiting and specially conditioning benefits for disability by silica, coal mine and asbestos.[8] *See, Rich Hill Coal Co. v. Bashore,* 334 Pa. 449, 7 A.2d 302 (1939); *see also,* 2 A. Barbieri, *Pa. Work. Comp.* §7.26 (1975).

Therefore, in conformity with the great weight of decisional authority of other jurisdictions,[9] and mind-

---

[7] *See* the "Occupational Disease Compensation Report by the Pennsylvania Commission on Compensation for Industrial Diseases," 6 *Legislative Journal* (Appendix) 1933, pp. 7365-7394.

[8] Maintaining the competitiveness of certain industries confronted with an especially heavy compensation burden imposed by the Act, explains certain liability limitations applicable to the lung diseases, silicosis, anthraco-silicosis, coal worker's pneumoconiosis and asbestosis. These limitations, *inter alia,* exclude liability for partial disability (Section 301(e)); provide a ceiling on maximum compensation payable (Section 301(a)(2), 77 P.S. §1401(a)(2)); impose minimum exposure requirements (Section 301(d), 77 P.S. §1401(d)); and provide for subsidies by the Commonwealth in certain situations (§§301(a)(2), 301(L) and 301(i), 77 P.S. §§1401(a)(2), 1401(s) and 1401(i)). *See* 2 A. Barbieri, *Pa. Work. Comp.* §7.01(1) (1975).

[9] Our research of jurisdiction with substantially similar occupational disease benefit limitation provisions reveals that most have withstood equal protection challenges. *See Harrison* (statute limiting total benefits for total disability resulting from silicosis,

ful that a legislature may address a problem "one step at a time," or even "select one phase of one field and apply a remedy there, neglecting others," *Williamson v. Lee Optical Co.*, 348 U.S. 483, 489 (1955), we find that the challenged statutory classification has a rational basis and does not deny Claimant equal protection of the law.

Lastly, Claimant generally alleges that Section 301 (e) violates Article III, Section 18 of the Pennsylvania Constitution which provides pertinently:

> The General Assembly may enact laws requiring the payment of employers, or employers and employes jointly, of reasonable compensation for injuries to employes arising in the course of their employment, and for occupational diseases of employes, whether or not such injuries or diseases result in death, and regardless of fault of employer or employe, and fixing the basis of ascertainment of such compensation and the maximum and minimum limits thereof.
> . . .

This enabling amendment has been construed as establishing three fundamental requirements of The Pennsylvania Workmen's Compensation Act[10] and, by necessary implication, the Occupational Disease Act: (1) the compensation required of employers must be reasonable; (2) the compensated injuries and diseases must arise in the course of employment; (3) benefits

---

but not other occupational diseases, does not deny equal protection) ; *Gauthier* (statute fixing maximum silicosis death and disability benefits at a lower maximum than that set for death or disability benefits resulting from other occupational diseases is not unconstitutional) ; and, *Denio v. Western Alloyed Steel Casting Co.*, 258 Minn. 187, 103 N.W.2d 384 (1960) (statute denying compensation for partially disabling silicosis except where partial disability follows a compensable period of total disabiity is not unconstitutionally discriminatory).

[10] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1066.

must be paid by employers to their own employes. *Rich Hill Coal Co.*, 334 Pa. at 458, 7 A.2d at 307. As the challenged provision of the Act violates none of the fundamental requirements of Article III, Section 18, we reject Claimant's final contention.

### ORDER

AND Now, this 21st day of October, 1983, the order of the Court of Common Pleas of Philadelphia County dated December 2, 1980, is affirmed.