## Anastasi v. Workmen's Compensation Appeal Board

*Robert D. Paul,* for plaintiff.
*Peter J. Weber,* for defendant Pacor, Inc.

*Vatche Kaloustian,* for the Commonwealth of Pennsylvania.

KLEIN, *R.B., J.,* April 11, 1984—Decedent, Frank Anastasi, worked for the Philadelphia Asbestos Company (now Pacor) from 1943 to 1945. He died on June 15, 1976, and his widow, Elizabeth Anastasi (Anastasi), filed a claim under the Pennsylvania Occupational Diseases Act (the Act), 77 Pa.C.S. §1401 *et seq.,* alleging that her husband died from lung cancer caused by asbestos exposure during his employment at Pacor. The Referee dismissed the claim and the Workmen's Compensation Appeal Board affirmed, on the ground that decedent's last employment exposure to asbestos occurred more than four years before his death. 77 Pa.C.S. §1401(c).

Anastasi now appeals this decision and seeks a remand to the board, claiming that Section 301(c) should be interpreted in her favor and, in the alternative, that the statutory scheme violates her due process and equal protection rights.

## I. STATUTORY CONSTRUCTION

Anastasi argues that Section 301(i) of the Act effectively repealed Section 301(c) with regard to claims of death caused by asbestosis and related "dust disease" injuries.[1]

Section 301(c) provides that "(w)henever compensation disability or death is mentioned as a cause for compensation under this act, it shall mean only compensable disability or death resulting from occupational disease and occurring within four years

_____

1. These injuries are silicosis, anthraco-silicosis, and coal worker's pneumoconiosis. 77 Pa. C.S. §1401(i).

after the date of his last employment in such occupation or industry." Section 301(i), added in 1969, provides compensation "to every employee *totally disabled* due to silicosis, anthraco-silicosis, coal worker's pneumoconiosis, and asbestosis," despite any other provisions of the Act (emphasis added). It grants compensation to every totally disabled employee "who has not theretofore been compensated because his claim was barred by any of the time limitations prescribed by this act, and shall continue during the period of such total disability." Section 301(i) refers only to total disability claims and not to death claims; it only "repeals" Section 301(c)'s four year time limit with regard to total disability claims.

Anastasi claims that "the court should construe the term total disability to include both disability claims and death claims," and adds that it was just an oversight that the legislature forgot to say "partial disability" and "death" in addition to "total disability".

Anastasi refers to Commonwealth v. College, 497 Pa. 71, 439 A.2d 107 (1981), for this principle. Unfortunately for her, College stands for exactly the opposite position.

In College, the Commonwealth Court had held that the section providing compensation for totally disabled workers without regard to time of employment did not apply. They said Mr. College's employment history was remote and he never accepted the terms of the 1939 Workmen's Compensation Act. The Supreme Court reversed, basing their opinion on the fact that:

When a statute is clear and unambiguous, we must read its provisions in accord with their plain meaning and common usage." 1 Pa.C.S. §1903 (Supp. 1981), citing cases.

"Total disability" does not mean death and does not mean "partial disability". In accord with the Statutory Construction Act, 1 Pa.C.S. §1921, and the legion of cases cited in the annotation:

"When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

The Commonwealth Court has already reviewed this section of the act and upheld the grant of funds for "total" disability while recognizing that the act did not compensate "partial" disability. Guess v. W.C.A.B.-(Link Belt/FMC Corp.), 77 Pa. Commw. 319, 466 A.2d 1098 (1983).

The lead case of Anthony v. Koppers Co., Inc., 496 Pa. 119, 436 A.2d 181 (1981), also relied on Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1921(b), when it barred wrongful death actions brought more than a year after death even if neither the deceased nor his representatives could have discovered the cause of action until many years afterwards.

Therefore, "total disability" does not mean "death" and the clear language of the legislature cannot be distorted to cover the Anastasi claim.

## II. CONSTITUTIONALITY OF SECTIONS 301(C) AND (I)

In approaching Anastasi's constitutional arguments, we begin with the presumption in favor of the constitutionality of legislative acts. Daly v. Hemphill, 411 Pa. 263, 191 A.2d 835 (1963).

### A. Due Process

Anastasi contends that the four year statutory limitations period in Section 301(c) violates her due process rights as it denies her claim for death benefits.

The Occupational Diseases Act operates as an agreement accepted by the employer and employee. 77 Pa.C.S. §1401(a). An exchange of benefits and detriments under a statutory compensation scheme is authorized by Article 3, Section 21 of the Pennsylvania Constitution. See, Dolan v. Litton's Lunch, 397 Pa. 114, 152 A.2d 887 (1959). Even when no recovery is provided for the claimant under the statute, due process is not denied where the injury is covered by the Act and the parties have accepted the Act. Guess, 466 A.2d at 1100. In Scott v. C. E. Powell Coal Co., 402 Pa. 73, 77-8, 166 A.2d 31, 34 (1960), where the claimant had been denied recovery under the Workmen's Compensation Act, the court stated:

"We have ruled that when an employee sustains injuries which bring him within the provisions of the Workmen's Compensation Act, the question as to what amount he is compensated depends on the provisions of the Act, and if that measure yields him nothing, the assumption is that he is nevertheless satisfied with his agreement."

Anastasi's argument that Section 301(c) violates her due process rights is therefore without merit.

## B.  Equal Protection

Anastasi contends that Sections 301(c) and (i) violate state and federal equal protection guarantees, since they deny death benefits but provide total disability benefits where employees' "dust disease" injuries, such as asbestosis, did not occur within four years of the date of last employment.

Under equal protection analysis, the right to compensation for occupational disease is not a fundamental right and the class of claimants seeking benefits is not a suspect class. See, Guess, 466 A.2d at 1100. To meet constitutional standards, there-

fore, the classification must "bear a reasonable relationship to a legitimate state objective." Id. at 1101. See, Frontiero v. Richardson, 411 U.S. 677 (1973); Moyer v. Phillips, 462 Pa. 395, 341 A.2d 441 (1975).

In Guess, the Commonwealth Court upheld the constitutionality of Section 301(e) of the Act, which denies compensation to workers partially disabled from asbestosis and related dust diseases, even though the Act provides compensation to workers partially disabled from other diseases. In evaluating legislative intent, the court reviewed the legislative journal[2] and noted the lawmakers' concern with "the financial impact that full, unrestricted liability for disability arising from such dust diseases would have on the compensation system and the state's economy." 466 A.2d at 1101. The court noted that this economic concern provided a "rational basis" for limiting benefits under the Act in dust disease cases. Id. That same economic concern provides the rationale for the legislature's expansion of dust disease benefits in cases of total disability and not in cases of death.[3]

In conclusion, Sections 301(c) and (i) do not deny equal protection of the laws.

---

2. The court cited the "Occupational Disease Compensation Report by the Pennsylvania Commission on Compensation for Industrial Diseases." 6 Legislative Journal (Appendix) 1933, pp. 7365-94.

3. See, Tsarnas v. Jones & Laughlin Steel Corp., 488 Pa. 513, 412 A.2d 1094 (1980) (upholding classification exempting employers from joinder by third party defendants in Workmen's Compensation suits); Robson v. Penn Hills School District, 63 Pa. Commw. 250, 437 A.2d 1273 (1981) (upholding classification of accident victims according to seriousness of injury).

### III.  CONCLUSION

Under Section 301(c) of the Act, Anastasi is not entitled to benefits since her husband's last employment exposure to asbestos occurred more than four years before his death. Section 301(c), as written and interpreted, does not deny Anastasi's due process or equal protection rights.

### ORDER

And now, this April 11, 1984, the decision of the Referee and Workmen's Compensation Appeal Board dismissing petitioner's claim for damages for death is affirmed, and petitioner's appeal from that decision is dismissed.