**ANCHOR GLASS CONTAINER CORP. and The Travelers, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (TEMECHKO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 10, 2000.
Decided April 28, 2000.
Reargument Denied June 20, 2000.

Anthony C. Carone, Pittsburgh, for petitioner.

Barbara E. Holmes, Pittsburgh, for respondent.

Before COLINS, J., McGINLEY, J., and JIULIANTE, Senior Judge.

COLINS, J.

Anchor Glass Container Corporation and Travelers Insurance (collectively, employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ). The WCJ found that the claim petition filed by Leonard Temechko was timely filed, that Anchor Glass Container Corporation was the responsible employer and liable for hearing loss benefits to Temechko, and that Temechko's retirement did not preclude an award of specific loss benefits. The dispositive issue presented herein challenges the Board's affirmance of the WCJ's conclusion that the claim petition was not barred by the three-year statute of limitation provision set forth in Act 1 of 1995, Act of February 23, 1995, P.L. 1, the hearing loss amendments to Section 306(c)(8)(viii) of the Workers' Compensation Act (Act).[1] We conclude that the Board and the WCJ erred in the resolution of that issue; accordingly, we reverse the Board's order.

Anchor Hocher Glass Container from April 1969 until February 1989 employed Temechko (claimant) as a machine operator. In February 1989 claimant retired. Five years later, on December 27, 1994, board-certified otolaryngologist Stephen M. Froman, M.D., examined claimant who was then 54 years of age and complaining of gradually progressive hearing loss in both ears, with accompanying tinnitus. (Deposition Testimony, Stephen M. Froman, p. 5.) The testing done by Dr. Froman revealed a marginal to profound neurosensory hearing loss in the right ear and marginal to severe neurosensory hearing loss in the left ear. (Deposition Testimony, Stephen M. Froman, p. 9.) On January 23, 1995, Dr. Froman diagnosed claimant with a 32.1875% binaural handicap caused by exposure to deleterious noise while in the employ of Anchor Hocher Glass Container (employer). Claimant filed a claim petition on January 30, 1995 alleging that he suffered a loss of hearing in both ears for all practical intents and purposes through 20 years as a machine operator for employer. He alleged that his last date of exposure was December 27, 1994, the date he was examined by Dr. Froman. Finding employer received timely notice of injury on February 1, 1995, and that the last date of exposure was the date of examination, the WCJ concluded that the action was not time barred by either the notice provisions of Section 311 of the Act, 77 P.S. § 631, or Section 306(c)(8)(viii) of the Act,[2] 77 P.S. § 513(8)(viii), the statute of limitations provisions. The WCJ then reviewed the evidence presented, and based thereon, granted the claim petition

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8)(viii).

2. Claimant filed a claim petition on February 1, 1995. Act 1 took effect on February 23, 1995. Since the WCJ rendered this decision after the effective date of Act 1, Act 1 is applicable. *Bible v. Department of Labor and Industry*, 548 Pa. 247, 696 A.2d 1149 (1997). Furthermore, claimant does not challenge the applicability of Act 1.

based upon the credible testimony of Dr. Froman. The WCJ also accepted the corroborative report of employer's examining physician, board-certified otolaryngologist Roger Duerksen, M.D. Like Dr. Froman, Dr. Duerksen, testified that claimant's hearing loss was permanent and the result of long term exposure to hazardous occupational noise. (Dr. Duerksen Report, 12/21/95.) Concluding that the date of injury was the date of Dr. Froman's diagnosis, the WCJ found employer received timely notice of injury on December 27, 1994, and granted the claim petition. Employer appealed.

■ The Board affirmed the WCJ, finding that "for statute of limitations purposes, the Board believes the 'date of last exposure' is the date Claimant learned (1) that he sustained a hearing loss which was (2) causally related to his exposure to hazardous occupational noise." (Opinion of the Board, July 23, 1999, p. 8.) Employer now appeals to this Court.[3]

■ Before this Court employer first contends that the Board erred in its conclusion that for purposes of Section 306(c)(8)(viii) of the Act, 77 P.S. Section 513(8)(viii), the date of last exposure commences on the date on which a medical diagnosis of hearing impairment is made. We agree with employer. The Board extrapolated its conclusion from cases that acknowledge that hearing loss is a slow progressive disease that in many cases requires a medical expert's diagnosis of complete loss. *See Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa.Cmwlth. 1997). However, there is no language in *Sellari* or any other published opinion that counsels or permits individuals to procrastinate in seeking a medical diagnosis. Moreover, the disease at issue is not a

silent stalker, like cancer, whose signs a layperson may not recognize. This disease is hearing loss, a disease that the average person either knows or should know is occurring. We are not saying that the layperson is charged with knowledge of the degree or the magnitude of the loss, neither is the layperson charged with knowledge of the reason for the loss, but the layperson is charged with the obligation to seek the opinion of a medical expert and learn of the extent and reason for the condition. That is something the claimant here failed to do within the required three-year statutory period mandated under the Act.

Section 306(c)(8)(viii) of the Act, 77 P.S. § 513(8)(viii) states:

Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought.

Furthermore, Section 306(c)(8)(ix) of the Act, 77 P.S. § 513(8)(ix) states:

The date of injury for occupational hearing loss under subclause (i) of this clause shall be the earlier of the date on which the claim is filed or the last date of long-term exposure to hazardous occupational noise while in the employ of the employer against whom the claim is filed.

Clearly both sections of the Act contemplate that the last date of exposure is synonymous with the time period during which an employee is part of the employer's workforce. To accept the assertion of the Board and WCJ that the words "date

---

3. In considering appeals from the Board, this Court's scope of review is limited to determining whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. *City of Phila-*

*delphia v. Workmens' Compensation Appeal Board (Defruscio)*, 695 A.2d 910, 911 (Pa. Cmwlth.1997); *see also Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

of last exposure" means the date of diagnosis totally disregards the fundamental rule of statutory construction under which it is presumed that the legislature does not intend a result which is absurd and unreasonable. 1 Pa.C.S. § 1922(a).

The very essence of Section 306(c)(8)(viii), 77 P.S. § 513(8)(viii), is the creation of a three-year statute of limitation for occupational hearing loss claims. The section declares that no action shall be maintained that is not brought within three years of the last date of exposure to hazardous occupational noise. The words "to hazardous occupational noise" place the exposure at the work place and declare that the legislature intends that the limitation period begins to accrue from the last day a worker was subjected to the noise at the work site, and not from the date on which the hearing loss was diagnosed. To hold otherwise would defeat the purpose of the statute, which is to limit the time period in which such an action can be brought.

The facts herein establish that claimant retired from employer's work force in February 1989. Thus, at best the record discloses a last date of exposure being the last day in February 1989. A claim petition was not filed until January 30, 1995. The claim petition is clearly outside the required three-year statutory period. Thus, the Board erred in affirming the decision of the WCJ.

Accordingly, the order of the Workers' Compensation Appeal Board is reversed.

### ORDER

**AND NOW**, this 28th day of April, 2000, the order of the Workers' Compensation Appeal Board is **REVERSED**.