SCHOOL DISTRICT OF
PHILADELPHIA,
Petitioner,

v.

WORKERS' COMPENSATION AP-
PEAL BOARD (HENNEGAN),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 11, 2000.

Decided May 11, 2000.

Francis X. Wickersham, Norristown, for petitioner.

Richard M. Wiener, Philadelphia, for respondent.

Before McGINLEY, J., KELLEY, J., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

The School District of Philadelphia (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed the decision of a workers' compensation judge (WCJ) that denied Edward Hennegan's (Claimant) claim petition requesting benefits for a binaural hearing loss suffered as a result of long-term exposure to hazardous occupational noise. We reverse.

Claimant worked for Employer as a machine shop teacher from 1975 until the end of the school year in June 1991, when Claimant took a sabbatical and then retired. On August 7, 1995, Claimant filed a claim petition, alleging a loss of hearing in both ears as a result of exposure to noise at work. Employer denied the allegations and the matter was assigned to a WCJ.

Claimant testified about his work history including the types and extent of noise to which he was exposed. Claimant also testified that prior to working for Employer he worked as a machinist at the Navy Yard and continued to work there during summer breaks from his teaching duties. Claimant indicated that in May of 1993 he was diagnosed as suffering from a hearing

loss and a hearing aid was prescribed.[1] In further support of his claim, Claimant presented the deposition testimony of Herbert Kean, M.D., who examined Claimant on January 15, 1997. Based on his examination of Claimant and on a review of a series of audiograms, Dr. Kean opined that Claimant suffered a binaural hearing impairment of 47.5 percent that was causally related to the noise exposure at work.

In response, Employer submitted the deposition testimony of Lee Rowe, M.D., who examined Claimant on June 24, 1996 and reviewed a series of audiograms. Dr. Rowe diagnosed Claimant as suffering a 43.75 percent hearing loss. However, because Claimant's hearing continued to deteriorate after he retired, Dr. Rowe believed that Claimant's hearing loss was caused by factors other than noise exposure at work.

The WCJ found Claimant's testimony credible. He also found Dr. Kean's testimony more credible than that of Dr. Rowe. However, because the WCJ concluded that Act 1 of 1995 (Act 1), Act of February 23, 1995, P.L. 1, the hearing loss amendments to the Workers' Compensation Act,[2] applied to the case, the WCJ denied Claimant's claim.[3] Specifically, the WCJ determined that Claimant's claim was filed beyond the three year statute of limitation provided for in Section 306(c)(8)(viii) of Act 1, 77 P.S. § 513(8)(viii). That subsection states:

1. A letter, dated July 6, 1995, which was written by the doctor who prescribed Claimant's hearing aid, was entered into evidence to show when Claimant was notified of his hearing loss. Although the WCJ found the letter credible, he did not find that it contained information as to what the doctor told Claimant concerning his hearing loss at the May 4, 1993 examination.

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

3. The WCJ indicated that, if on review his conclusion regarding the statute of limitations was reversed, he further concluded that

(viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis for compensation or additional compensation, the claim shall be barred unless a petition is filed within three years after the date of last exposure to hazardous occupational noise in the employ of the employer against whom benefits are sought.

Claimant appealed to the Board, which reversed. Relying on *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp.)* 713 A.2d 116 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied*, 557 Pa. 634, 732 A.2d 618 (1998), and *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa.Cmwlth.1997), the Board concluded that, despite the language of Section 306(c)(8)(viii) of Act 1, the date of last exposure for statute of limitation purposes begins to run on the date when a claimant learns he has sustained a hearing loss that is related to his exposure to hazardous occupational noise at work. Therefore, according to the Board, Claimant only learned that his hearing loss was causally related to the noise exposure at work on January 15, 1997, the date of his examination by Dr. Kean. Thus, the Board concluded that Claimant had until January 15, 2000 to file his claim, that the August 7, 1995 filing was timely, and that Claimant was entitled to 123.5 weeks of benefits.

Employer now appeals to this Court,[4] arguing that Claimant's petition is

Claimant had carried his burden of proof that he suffered a compensable hearing loss caused by his exposure to work place noise.

4. Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *General Electric Co. v. Workers' Compensation Appeal Board (Bower)*, 734 A.2d 492 (Pa. Cmwlth.1999) *petition for allowance of appeal denied*, —— Pa. ——, 749 A.2d 473 (2000).

time barred pursuant to Section 306(c)(8)(viii) of Act 1. Relying on the recently filed opinion in *Flagg Brass v. Workers' Compensation Appeal Board (Katarzynski),* —— A.2d —— (Pa.Cmwlth. 2000)(No. 2421 C.D.1999, filed May 11, 2000), we agree. In *Flagg Brass,* we quoted the court's direction on remand in *General Electric Co. v. Workers' Compensation Appeal Board (Rizzo),* 737 A.2d 852, 858 (Pa.Cmwlth.1999), as follows:

> If Claimant was not exposed to hazardous occupational noise within three years of the date on which he filed his claim petition, Claimant's claim was untimely filed. However, if Claimant was exposed to hazardous noise within the three years period prior to filing his claim petition, then Claimant's petition was timely filed and he should receive benefits.

This statement clearly recognizes that for statute of limitations purposes the last date of exposure to hazardous occupational noise begins the three year period in which a claimant must file his claim petition in order to be timely. Claimant's and the Board's reliance on *Anastasio* and *Sellari* is misplaced. In both of those cases, Act 1

was not applicable and, therefore, the date on which a claimant learned of the relationship between his hearing loss and his work environment was the operative date for statute of limitation purposes. That concept is no longer controlling in cases that arise under Act 1. *See also Anchor Glass Container Corp. v. Workers' Compensation Appeal Board (Temechko),* —— A.2d —— (Pa.Cmwlth.2000) (No. 2215 C.D.1999, filed April 28, 2000).

Accordingly, the Board's order is reversed and the WCJ's order dismissing Claimant's claim petition is reinstated.

*ORDER*

NOW, *May 11, 2000,* the order of the Workers' Compensation Appeal Board, at No. A98–1813, dated July 23, 1999, is reversed.