James J. McILNAY, Petitioner,

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (STANDARD
STEEL), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 2005.

Decided March 11, 2005.

Ronald J. Fonner, Greensburg, for petitioner.

Daniel J. Doyle, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

James McIlnay (Claimant) petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) denying and dismissing Claimant's Claim Petition for work-related hearing loss because it was filed more than three years after his last exposure to occupational noise. Claimant raises the issue as a matter of first impression whether his right to equal protection is violated because his claim for hearing loss injury is not allowed to benefit from the discovery rule which was previously applied to hearing loss cases. We affirm.

Claimant filed a Claim Petition on May 15, 2003 alleging that he sustained hearing loss due to his exposure to noise while working for Standard Steel (Employer). Claimant stopped working for Employer on July 31, 1994. Employer filed an Answer denying the allegations set forth in Claimant's Claim Petition. By decision dated December 29, 2003, the WCJ dismissed Claimant's Claim Petition because it was not filed within three years of his last exposure to occupational noise (which was his last day of work) as required by

Section 306(c)(8)(viii) of the Workers' Compensation Act (Act).[1] In doing so, the WCJ rejected Claimant's argument that Section 306(c)(8)(viii) violates the Equal Protection clauses of both the Pennsylvania and United States Constitutions. Claimant appealed to the Board, which affirmed the decision of the WCJ without addressing the constitutional issue because questions regarding the constitutionality of the Act are beyond the Board's scope of review. Claimant's appeal to this Court followed.[2]

On appeal, Claimant argues that Section 306(c)(8)(viii) violates the Equal Protection clauses of both the Pennsylvania and United States Constitutions by precluding him from applying the discovery rule to his hearing loss claim when the discovery rule is applied to other, similar injuries covered under the Act.

■ Pursuant to Section 315 of the Act, 77 P.S. § 602, a claimant must file a claim petition within three years after the injury occurs or his claim will be barred. However, this three-year statute of limitations does not begin to run until a claimant discovers that his injury is work-related. As such, this is commonly called the "discovery rule." Prior to the passage of Act 1 of 1995 (Act 1), Act of February 23, 1995, P.L. 1, this discovery rule applied to hearing loss cases. However, Section 306(c)(8)(viii), which was enacted as part of Act 1, provides that:

(viii) Whenever an occupational hearing loss caused by long-term exposure to hazardous occupational noise is the basis

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(8)(viii).

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (.),* 537 Pa. 32, 640 A.2d 1266 (1994).

for compensation or additional compensation, the claim shall be barred unless a petition is filed *within three years after the date of last exposure to hazardous occupational noise* in the employ of the employer against whom benefits are sought.

77 P.S. § 513(8)(viii) (emphasis added).

In *School District of Philadelphia v. Workers' Compensation Appeal Board (Hennegan)*, 751 A.2d 729 (Pa.Cmwlth. 2000), the claimant, who worked for employer as a shop teacher, stopped working in 1991. In August of 1995, he filed a claim for hearing loss benefits. The WCJ concluded that Act 1 applied to the case and therefore denied benefits pursuant to the three year statute of limitations provided for in Section 306(c)(8)(viii). Claimant appealed to the Board, which reversed. The Board, relying on *Anastasio v. Workmen's Compensation Appeal Board (NGK Metals Corp.)* 713 A.2d 116 (Pa.Cmwlth. 1997), *petition for allowance of appeal denied,* 557 Pa. 634, 732 A.2d 618 (1998), and *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa.Cmwlth.1997), reasoned that the date of last exposure for statute of limitations purposes began to run on the date the claimant discovered that his hearing loss was related to his exposure to hazardous noise at work. Because his claim petition was filed within three years of the date his doctor told him his hearing loss was work-related, the Board concluded that the claimant's claim petition was timely filed. On appeal, we reversed and stated that:

> for statute of limitations purposes the last date of exposure to hazardous occupational noise begins the three year period in which a claimant must file his claim petition in order to be timely. Claimant's and the Board's reliance on *Anastasio* and *Sellari* is misplaced. In

both of those cases, Act 1 was not applicable and, therefore, the date on which a claimant learned of the relationship between his hearing loss and his work environment was the operative date for statute of limitation purposes. **That concept is no longer controlling in cases that arise under Act 1.** *See also Anchor Glass Container Corp. v. Workers' Compensation Appeal Board (Temechko),* 752 A.2d 448 (Pa.Cmwlth.2000).

*Id.* at 731 (emphasis added).

In summary, this Court has previously held that the "discovery rule" does not apply to hearing loss cases. However, in this case Claimant makes the argument that his right to equal protection is violated because he is not allowed to benefit from the discovery rule. This is not an issue that has been previously addressed by this Court. Thus, we will proceed to consider Claimant's argument.

The Fourteenth Amendment to the United States Constitution provides, in relevant part, that:

> Section 1. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*

(emphasis added). In addition, Article I, Section 26 of the Pennsylvania Constitution provides that:

> Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

In *Guess v. Workmen's Compensation Appeal Board (Link Belt/FMC Corp.),* 77 Pa.Cmwlth.319, 466 A.2d 1098 (Pa.Cmwlth.1983), a workers' compensa-

tion claimant argued that Section 301(e) of the Act violated the Equal Protection Clause because it provided that partially disabling silicosis was not compensable. With regard to our standard of review of the claimant's equal protection claim, this Court stated that:

The proper standard of review in analyzing the constitutionality of this classification is the rational basis test. As the right to disability benefits is not a fundamental right, and the class of partially disabled employes is not a suspect class, the strict judicial scrutiny test is inapplicable.

*Id.* at 1101. We believe that the rational basis test would likewise be applicable to Claimant in the case now before this Court, as the right to hearing loss benefits is not a fundamental right and employees with hearing loss are not a suspect class. Therefore, we will proceed to address Claimant's equal protection claim under the rational basis test.

With regard to the rational basis test, this Court stated in *Guess* that:

. . . to pass constitutional muster under the rational basis test, the Act's classification must bear a reasonable relationship to a legitimate state objective. *See, Stevenson v. Industrial Commission,* 190 Colo. 234, 545 P.2d 712 (1976); *Gauthier v. Campbell, Wyant and Cannon Foundry Co.,* 360 Mich. 510, 104 N.W.2d 182 (1960).

In the social welfare area, "[a] statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). Moreover, if the classification has some reasonable basis, "it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in

some inequality.'" *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970) (quoting *Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911)).

Furthermore, in *Harrisburg School Dist. v. Zogby,* 574 Pa. 121, 828 A.2d 1079 (2003), our Supreme Court stated that:

a classification, though discriminatory, will be deemed reasonable if any state of facts reasonably can be conceived to sustain it. *See Curtis,* 542 Pa. at 255, 666 A.2d at 268. However, a classification will be struck down if it is based upon artificial or irrelevant distinctions used for the purpose of evading the constitutional prohibition. *See Hickok I,* 563 Pa. at 397, 761 A.2d at 1136 (citing *Freezer Storage, Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 275, 382 A.2d 715, 718 (1978)). In undertaking its analysis, *a reviewing court is free to hypothesize reasons the Legislature might have had for the classification. See id.; see also Baltimore & Ohio R.R.,* 461 Pa. at 84, 334 A.2d at 644 (hypothesizing reasons that the Legislature could have determined that railroad employees had a greater need for mandatory weekly payment than employees of other common carriers); *Geary v. Retirement Bd. of Allegheny County,* 426 Pa. 254, 259–60, 231 A.2d 743, 746 (1967) (suggesting reasons that the Legislature could have determined that police officers were more in need of early retirement than other county employees).

*Id.* at 137–138, 828 A.2d at 1089 (emphasis added).

In *Burns v. Public School Employees' Retirement Board,* 853 A.2d 1146 (Pa. Cmwlth.2004), Mr. Burns, a teacher who had multiple sclerosis, retired in 1999. A few months before he retired, Mr. Burns met with a disability counselor and he

partially filled out a disability annuity application. However, for some reason Mr. Burns never completed the application and never returned it to PSERS. After more than two years had passed, Mr. Burns returned to the retirement counselor and was informed that he was not eligible for a disability annuity because he did not return his application within two years of his last contribution to PSERS as required by the Public School Employees Retirement Code. On appeal, Mr. Burns argued that the two-year statute of limitations violated his right to equal protection. We stated that:

> To be sustained on equal protection grounds, a limitation period must be both: 1) sufficiently long in duration to present a reasonable opportunity for those with an interest to assert the claim; and 2) be substantially related to the Commonwealth's interest in avoiding litigating stale or fraudulent claims. *Astemborski v. Susmarski,* ·502 Pa. 409, 466 A.2d 1018 (1983). Statutes of limitation pertain to remedies and do not impair fundamental rights. *Noetzel v. Glasgow, Inc.,* 338 Pa.Super. 458, 487 A.2d 1372 (1985).

*Id.* at 1153. We rejected Mr. Burns' argument that the two-year limitation in the Retirement Code violated his right to equal protection because he was presented with a reasonable length of time in which to assert his claim for a disability annuity. In addition, we held that the time limitation was substantially related to the Commonwealth's interest in avoiding stale or fraudulent claims and that "[i]f members were permitted to apply for disability annuities more than two years after their last contribution to PSERS, difficulties could arise in proving the disability due to loss of evidence, death or disappearance of witnesses, or fading memories." *Id.*

There are many reasons why it is reasonable to apply the discovery rule to other injuries, such as occupational diseases, and not to apply the discovery rule to hearing loss cases. The symptoms of a disease may not show up and it may not be apparent that such symptoms are work-related until many years after the exposure to the disease causing substance. Other injuries that occur over long periods of time, such as repetitive stress injuries, may not be readily recognized as work-related until a claimant is told as much by a doctor. However, these concerns are not present with hearing loss. With the last day of exposure to hazardous noise, which is normally the last day of work, the continuing injury to the ears stops. The Legislature, having created the statutory liability of the employer for hearing loss, is within its constitutional powers to create limitations on the duration of the employer's exposure to liability. The Legislature does not attempt, and is not bound, to declare that it has discovered an exact period within which hearing loss is certain to occur if it is possibly work-related but is only using its power to fix a reasonable period of time during which the claimant should discover that his hearing loss is work-related as three years from this date. Because the injury to the ears stops with the last day of exposure to hazardous noise, we believe that the Legislature has acted within its powers in establishing three years after the last exposure to such noise as a sufficiently long duration of time to give a claimant a reasonable opportunity to assert a claim for hearing loss.

Furthermore, there are other factors that could have caused or contributed to Claimant's hearing loss during the nine years after his last day of work. As in *Burns* where we were concerned with the difficulties that could arise in proving the disability due to loss of evidence, in this case it would now be difficult to determine whether Claimant's hearing loss is actually

work-related because so much time has passed. To allow Claimant to proceed with his Claim Petition nine years after he quit working and six years after the last day he could have filed the Claim Petition could be unfair to Employer, who has a right to the protections afforded by a statute of limitations. For these reasons, it is reasonable for the Legislature to require that hearing loss claims be filed within three years of the last exposure to hazardous noise and to not apply the discovery rule to hearing loss cases. Therefore, Claimant's right to equal protection was not violated.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, March 11, 2005, the order of the Workers' Compensation Appeal Board is hereby AFFIRMED.